Austin Leslie STEVENS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 5184.

United States Court of Appeals Tenth Circuit.

Oct. 26, 1955.

Lynn W. Norman and Millard F. Lowrance, Sulphur, Okl., filed a brief for appellant.

Frank D. McSherry, U. S. Atty., Muskogee, Okl., Harry G. Fender, Asst. U. S. Atty., Wagoner, Okl., and Paul M. Brewer, Asst. U. S. Atty., Wewoka, Okl., filed a brief for the United States. ·

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

Stevens was charged by indictment returned in the United States District Court for the Eastern District of Oklahoma containing 11 counts of violations of 18 U.S.C.A. §§ 656 and 1005. At a jury trial a verdict of guilty was returned on counts 9 and 11 and Stevens was sentenced to imprisonment for a term of 4 years on each of counts 9 and 11, the sentences to run concurrently.

After the case was submitted to the jury, the jurors were permitted to separate for the purpose of going to dinner. One of the jurors went to dinner with one of the probation officers for such district court. Counsel for Stevens knew that fact before the verdicts of guilty were returned, but did not call the matter to the court's attention until the verdicts had been returned and sentences imposed by the trial court.

A presentence investigation was made and a presentence report prepared by the Chief Probation Officer of the district before the verdicts of guilty were returned. After the verdicts were returned, the report was delivered to the court and thereafter sentence was imposed.

Stevens filed a motion for a new trial in which he set up for the first time the fact that one of the jurors accompanied a probation officer home and had dinner with him. A hearing was had on the motion. The testimony of the probation officer and the juror clearly established that they had been friends since they attended high school; that they owned and operated a farm as partners; that while the probation officer was NYA Supervisor of Haskell County, Oklahoma, the juror had served as his assistant; that they had hunted quail together; that at times the juror kept and cared for bird dogs belonging to the probation officer; · that the juror accompanied the probation officer to his home and had dinner with him; that the probation officer cooked the dinner; and that at no time did the probation officer and the juror in anywise discuss Stevens or the pending criminal case.

The presentence report was prepared by the Chief Probation Officer. The court excused the Chief Probation Officer from attending the night session of the court because of a high school program on that night in which the Chief Probation Officer's daughter was to participate. The Chief Probation Officer advised the court that he would deliver the presentence report to the probation officer who had dinner with the juror. The probation officer had nothing to do with preparing the report and did not read or examine the report. He delivered it to the court after the verdicts had been returned.

The trial court concluded that the fact the juror had dinner with the probation officer did not in anywise deprive Stevens of a fair and impartial trial, nor result in any prejudice to him, and that the fact the presentence report was prepared in advance of the return of the verdicts of guilty did not in anywise prejudice the rights of Stevens, and denied the motion for a new trial.

In Baker v. Hudspeth, 10 Cir., 129 F.2d 779, 782, certiorari denied, Baker v. Hunter, 317 U.S. 681, 63 S.Ct. 201, 87 L.Ed. 546, this court said:

" * * * we must not permit the integrity of the jury to be assailed

by mere suspicion and surmise; it is presumed that the jury will be true to their oath and conscientiously observe the instructions and admonitions of the court."

Rule 32(c) (1) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., provides:

"(c) Presentence Investigation

"(1) When Made. The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs. The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty."

■ Here, the report was not submitted to the court or its contents disclosed to anyone until after the verdicts of guilty had been returned and the fact that it was prepared in advance of the return of a verdict of guilty did not in anywise prejudice Stevens. The rule does not prohibit the presentence investigation or the preparation of a presentence report before a verdict of guilty has been returned. It only provides that the report shall not be submitted to the court, or its contents disclosed to anyone, unless the defendant has pleaded guilty or has been found guilty.

■ We agree with the trial court that the fact that one of the jurors had dinner with a probation officer during the time the jury was in recess, for the purpose of going to dinner, did not in anywise deprive Stevens of a fair and impartial trial or affect the jury's verdict.

The practice of a probation officer and a member of the jury in a criminal proceeding having dinner together is impolitic and is not to be commended. But, in the instant case, we are satisfied no prejudice resulted to Stevens.

Affirmed.