**UNITED STATES of America, Appellee,**

v.

**Vincent PELLEGRINO, Appellant. No. 168, Docket 25874.**

United States Court of Appeals Second Circuit.

Argued Dec. 7, 1959.

Decided Jan. 4, 1960.

Vincent J. Velella, New York City, for appellant.

S. Hazard Gillespie, Jr., U. S. Atty., for the Southern District of New York, New York City, for United States of America. David Klingsberg and Kevin Thomas Duffy, Asst. U. S. Attys., New York City, of counsel.

Before SWAN, LUMBARD and FRIENDLY, Circuit Judges.

PER CURIAM.

Appellant and two co-defendants, De Marco and Perrone, were indicted for violations of the narcotic laws. Count (1) charged appellant and De Marco with selling approximately one ounce of heroin on November 6, 1957, in violation of 21 U.S.C.A. § 173 and § 174. Count (2) charged De Marco and Perrone with a similar violation on November 12, 1957. Count (3) charged all three defendants with conspiring to violate said sections 173 and 174. Appellant was found guilty on counts (1) and (3), and was sentenced to eight and one-half years on each count, the sentences to run concurrently. Perrone was found guilty on counts (2) and (3) and has not appealed. At the close of the evidence De Marco pleaded guilty to all three counts.

Counsel for appellant asserts numerous errors none of which has merit or deserves more than summary discussion.

When the case was called for trial, appellant's counsel moved for a continuance on the ground that an amended bill of particulars had been served only three days before. Such a motion is addressed to the discretion of the trial court. Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229. Judge Kaufman granted a continuance for one day only. Plainly there was no abuse of discretion, for defendant's counsel stipulated that a one day continuance would be sufficient.

At considerable length appellant has argued that there is no credible proof that he participated in the conspiracy to sell heroin or in the sale of it; that the verdict is against the weight

of the evidence; and that statements made by co-conspirators not in his presence were improperly admitted in evidence. In so far as the argument attacks the credibility of the testimony of Colbert, a special employee of the Bureau of Narcotics, it will suffice to say that his credibility was for the jury to pass upon, and cannot be attacked on appeal. We are satisfied that the jury's verdict was supported by substantial evidence, which must be viewed on appeal in the light most favorable to the Government. United States v. Tutino, 2 Cir., 269 F.2d 488, 490. It would serve no useful purpose to review the evidence here. We are also satisfied that there was no error in admitting the statements of co-conspirators, since appellant's connection with the conspiracy was shown by independent evidence. United States v. Samsone, 2 Cir., 231 F.2d 887, 892–893, certiorari denied 351 U.S. 987, 76 S.Ct. 1055, 100 L.Ed. 1500.

By supplemental brief appellant contends that our recent decision in United States v. Santore, 2 Cir., —— F.2d ——, in which a petition for rehearing *in banc* is pending, requires reversal. We think not. The Santore opinion recognizes that a defendant need not have personal custody or manual possession of narcotics to be in "possession" within the meaning of the statute.

■ The motion for a new trial on the ground of newly-discovered evidence was properly denied. See United States v. Costello, 2 Cir., 255 F.2d 876, 879, certiorari denied 357 U.S. 937, 78 S.Ct. 1385, 2 L.Ed.2d 1551. With due diligence this evidence could have been discovered before or during the trial. Moreover, the evidence would not be likely to produce an acquittal if a new trial were granted. Judge Kaufman after a hearing pronounced the story incredible. See United States v. On Lee, 2 Cir., 201 F.2d 722, certiorari denied 345 U.S. 936, 73 S.Ct. 798, 97 L.Ed. 1364.

■ We also deny the request that this court grant a new trial because of newly-discovered evidence to the effect that Colbert was in jail on some of the dates when he testified he had conversations with appellant. No motion for a new trial on this ground has been made in the District Court. Consequently, we do not entertain it. See United States v. Minkoff, 2 Cir., 181 F.2d 538.

Judgment affirmed.