**UNITED STATES of America,**
**Appellee,**

**v.**

**Jeremiah COUNTRYMAN, Appellant.**

**No. 148, Docket 26922.**

United States Court of Appeals
Second Circuit.

Argued Nov. 28, 1962.

Decided Nov. 28, 1962.

Thomas E. Russell, Wethersfield, Conn., for appellant.

Robert C. Zampano, U. S. Atty., District of Connecticut (James D. O'Connor, Asst. U. S. Atty., of counsel), for appellee.

Before LUMBARD, Chief Judge, and CLARK and KAUFMAN, Circuit Judges.

PÉR CURIAM.

Appellant was convicted, upon a trial by jury, of having knowingly sold illegally imported heroin, in violation of 21 U.S.C. § 174, and of having sold heroin other than in pursuance of an order form issued in blank for that purpose by the Secretary of the Treasury or his delegate, in violation of 26 U.S.C. § 4705(a). The Government offered proof that the appellant and an associate, one Robert Brown, were introduced to a federal narcotics agent by one Alan Adams, a special employee of the Bureau of Narcotics. As the four men walked along the street, Adams informed the appellant and Brown that Adams' friend wished to purchase some heroin. The federal agent gave Adams five dollars which Adams passed along to the appellant who instructed Adams as to the location in an alleyway of a package of heroin. Adams conveyed this information to the federal agent, who recovered a package hidden in a ventilator in the alley. The contents of the package were later tested at the Bureau of Narcotics and found to be heroin.

We find appellant's contentions for reversing his conviction to be without merit, and we affirm the conviction from the bench.

Appellant raises the defense of entrapment, but this issue was not raised during the course of the trial, and no written request to charge on entrapment was submitted to the trial judge. This issue may not be raised for the first time on appeal. In any event, the contention is without merit. See United States v. Place, 263 F.2d 627 (2d Cir.), cert. denied, 360 U.S. 920, 79 S.Ct. 1438, 3 L.Ed.2d 1535 (1959); United States v. Masciale, 236 F.2d 601 (2d Cir.1956), aff'd, 356 U.S. 386, 78 S.Ct. 827, 2 L.Ed. 2d 859 (1958). Appellant also contends that his conviction must fall because the Government failed to produce as its witness the appellant's companion, Robert Brown, and because the Government's case rested almost exclusively upon the testimony of a "self-serving informer," special employee Adams. Brown had been indicted by the grand jury but was a fugitive from justice at the time of the appellant's trial. Certainly he was not in the custody or under the control of the Government at the time of the trial. The credibility of Adams' testimony was a matter for the jury to decide, and the conviction would not fall even if Adams were the *only* witness on the Government's behalf. See United States v. Agueci, 310 F.2d 817 (2d Cir., 1962); United States v. Pellegrino, 273 F.2d 570, 572 (2d Cir., 1960).

We find equally without merit the appellant's contentions that there was a failure of proof that he possessed the narcotics and that the question on cross-examination as to his prior conviction on a narcotics offense was prejudicial. The Government established clearly his constructive possession by showing appellant's power to determine the custody of the narcotics. Appellant, moreover, testified on his own direct examination to his prior use of narcotics and the Government was well within proper bounds in asking him about his prior narcotics conviction.

We are grateful to Thomas E. Russell, Esq., who, as assigned counsel, has vigorously represented appellant in the preparation and presentation of this appeal.

The judgment of conviction is affirmed.