**Robert Lee HAYNES and Al Walter Bolden, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 20112.

United States Court of Appeals Fifth Circuit.

July 3, 1963.

---

of violations of Title 21 U.S.C. § 176a and Title 26 U.S.C. § 4744(a), and they have appealed. Separate briefs have been prepared and filed in behalf of each appellant. Both raise essentially the same questions, in a total of five specifications urged by Haynes and four relied on by Bolden. The following issues are presented by both briefs considered together: (1) the sufficiency of the evidence to sustain the conviction under both counts of the indictment; and (2) whether or not the government is estopped in this prosecution because of the acts of various law enforcement officers before the marihuana was placed in an automobile owned by Bolden.

The government, in its brief, stating correctly that the evidence, viewed in the light most favorable to the prosecution, justified the jury in finding as it did, urges upon us that the evidence is sufficient to sustain both convictions under both counts of the indictment.

The defendant Bolden testified at his trial. Admitting that he was in the company of Haynes and Purifoy, he denied that he had any knowledge of the illegal transactions.

On the evidence as a whole, the theory of the prosecution may be thus stated. The appellant Haynes undertook to make by mail arrangements to have marihuana sent from Mexico to San Antonio; Bolden furnished the transportation and provided most of the interim financing; each of the defendants knew that the substance later found in Bolden's car was marihuana and that it had been imported from Mexico.

The theory of the appellants is that since the proof established that the marihuana was brought from Mexico by a government informer, one Juan Sanchez, and his bringing it in was assisted by government agents, it could not be held that it was unlawfully brought in for the reason that, under the statute, it is not an offense for a government agent to bring marihuana into the United States, and further that since, under federal law, government agents are not required to pay any tax on mari-

Samuel L. Egger, Robert P. Thomas, III, San Antonio, Tex., for appellants.

Andrew L. Jefferson, Jr., Harry Lee Hudspeth, Asst. U. S. Attys., San Antonio, Tex., Ernest Morgan, U. S. Atty., for appellee.

Before HUTCHESON and GEWIN, Circuit Judges, and CONNALLY, District Judge.

J. HUTCHESON, Circuit Judge:

The two appellants, defendants below, were tried and convicted separately

huana, there was no violation of either the smuggling statute or the transferee statute.

Appellants also argue strongly that the United States having brought the marihuana in and having assisted in its transfer from Sanchez's car to the car of the defendants, there was no violation of 26 U.S.C. § 4741, the acquisition of marihuana without paying the transfer tax. In addition the appellants urge that the government, by its actions in bringing the marihuana in and putting it in the defendant Bolden's car, is estopped from claiming that there was any offense. While not made below, the point is also made here that defendants were entrapped.

Though when looked at from a completely technical point, these arguments may seem to have validity, this is only seeming because the record shows: that the defendants initiated the acts which make up this case by first writing to a wholesale distributor of marihuana in Mexico; and that the defendants were not entrapped but were trapped by the agent's shrewdness in getting hold of appellants' letters and in falling in with and bringing to fruition the getting of the marihuana into the United States and receiving and facilitating its transfer here without payment of the appropriate tax.

██ As we see it, though the defendants in this argument pile Pelion on Ossa to deprive the case of legal substance by making it appear that there was no violation by the defendants but by the government itself, the facts, looked at in their reality and sequence, show that the commission of the offenses, as to which the appellants were convicted, is clearly and thoroughly established. As to entrapment, which was not charged below and cannot be made for the first time here,[1] it is quite clear that the defendants were not innocent people, induced to commit a crime which they had not the intention to commit, but were criminals whose unlawful career was cut short by the shrewdness of the government agents in ferreting out their illicit connections and bringing them to book for engaging in forbidden transactions on a large and wholesale scale.

██ We realize that the temptation, which is put in the way of people by the fact that there is so much money to be made on marihuana, makes difficult the will to resist, but the temptation was not supplied by the government but by the cupidity of the defendants, and it is uniformly held that it is perfectly legitimate for agents to ensnare a willing violator, especially where, as here, the defendants have undertaken to shrewdly circumvent the officers by themselves setting in motion the chain of events which resulted in their arrest and conviction.

The asserted defenses are without substance. The judgment is

Affirmed.

---

1. See United States v. Countryman, 2 Cir., 311 F.2d 189.