Thomas M. ROTH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7687.

United States Court of Appeals Tenth Circuit.

Dec. 23, 1964.

1. State ex rel. State Highway Commission v. Lavasek, 385 P.2d 361, 364.

Alex Stephen Keller, Denver, Colo. (Frederick Epstein, Denver, Colo., on the brief), for appellant.

David Shedroff, Asst. U. S. Atty. (Lawrence M. Henry, U. S. Atty., and James P. McGruder, Asst. U. S. Atty., on the brief), for appellee.

Before PICKETT, LEWIS, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a direct appeal from a sentence imposed after a jury verdict of

guilty. The indictment names 8 defendants and has 13 counts, each of which charges the uttering of false documents and the making of false statements to influence the action of the Federal Housing Administration in violation of 18 U.S.C. § 1010. Each count also charges the violation of 18 U.S.C. § 2, the general aiding and abetting statute. Appellant Roth and Margery Kincheloe were named as defendants in every count. One Venable was named in Counts I, II, and III. The remaining 5 defendants were each named in two of the remaining counts. Kincheloe was the secretary and appellant the manager of companies which dealt in aluminum siding and other supplies. Each count of the indictment covered a transaction with different home owners. The defendants other than Kincheloe and Roth were salesmen for the building supply companies.

Kincheloe and Roth moved for a separate trial. The court separated the counts and tried Kincheloe, Roth, and Venable on Counts I, II, and III. Kincheloe was freed on a motion for judgment of acquittal. Roth and Venable were found guilty by the jury. Venable is not a party to this appeal.

 The offenses were properly joined in the indictment under Rule 8, F.R.Crim.P., because they were of the same or similar character and grew out of a common plan of operation. The grant of a separate trial under Rule 14, F.R.Crim.P., is within the discretion of the trial court.[1] The action of the trial court separating the counts pertaining to Roth, Kincheloe, and Venable was not an abuse of discretion. The procedure followed was fair and expeditious.

Counsel objects to the receipt in evidence of statements made by Venable, the salesman, to the home owners, and of documents used by Venable. The falsity of these statements and documents is not questioned. Roth, who was Venable's superior, is said to be an aider and abettor. The record shows that Roth visited each home owner named in the first three counts after the negotiations were instituted by Venable and that Roth personally made kick-backs promised by Venable. These actions on his part aided and abetted the offenses committed by Venable.

 This was not a mass conspiracy trial such as was condemned in Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557; nor was it a trial of multiple defendants on unrelated transactions such as occurred in Ward v. United States, 110 U.S.App. D.C. 136, 289 F.2d 877. The aiding and abetting provisions of 18 U.S.C. § 2 state "a rule of criminal responsibility for acts which one assists another in performing."[2] To be an aider and abettor requires that a defendant "associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed."[3] The proof must establish the commission of the offense by someone and the aiding and abetting by the defendant so charged.[4] In the case at bar the false statements and documents made and used by Venable proved the commission of the offense and the actions of Roth established that he associated himself with, participated in, and sought to bring about the success of the unlawful activities of Venable.

In any event the instructions of the court were most favorable to Roth. FBI agents testified as to statements made by Kincheloe, Venable, and Roth. In each instance the court cautioned the jury to consider such statements only in connection with the guilt or innocence of the

1. De Herrera v. United States, 10 Cir., 339 F.2d 587; De Vault v. United States, 10 Cir., 338 F.2d 179, and cases there cited.

2. Nye & Nissen v. United States, 336 U.S. 613, 620, 69 S.Ct. 766, 770, 93 L. Ed. 919.

3. United States v. Peoni, 2 Cir., 100 F.2d 401, 402.

4. Colosacco v. United States, 10 Cir., 196 F.2d 165, 167.

person making them. Additionally, in its concluding instructions to the jury the court said that the jury "shall not consider any statement by any person or by any defendant for any purpose as against the defendant who was not present during said conversation." [5] The generality of the instruction encompassed the statements of which appellant now complains. In our opinion the court was most circumspect in protecting the rights of the defendants.

After a trial lasting several days the case went to the jury late in the afternoon of Friday, November 8, 1963. One of the members of the jury was a Seventh Day Adventist and had religious beliefs forbidding work after sundown on Friday. Monday, November 11, was a federal holiday. The court permitted the jury to separate about 4:40 p. m. on Friday and to resume its deliberations at 9:00 a. m. on the following Tuesday. Appellant objects to the separation of the jury.

The court carefully and properly admonished the jury in regard to their conduct during separation. Our jury system is based on the faith that the jury will follow the court's instructions.[6] Appellate courts should be slow to impute to juries a disregard of their duties.[7] Appellant Roth makes no showing of any prejudice resulting from the separation of the jury. We will not presume such prejudice.[8]

Affirmed.

---

5. The court said: "Ladies and Gentlemen of the jury. * * * You will recall during the course of the trial that there was testimony concerning certain conversations. And, from time to time, during the trial, I warned you that those conversations could only be used as against the defendant who was present at the time of the conversations and could not be used as evidence against the defendant who was not present at the conversations. Now, I reiterate that instruction to you. You shall not consider any statement by any person or by any defendant for any purpose as against the defendant who was not present during said conversation. * * * "

6. Delli Paoli v. United States, 352 U.S. 232, 242, 77 S.Ct. 294, 1 L.Ed.2d 278.

7. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 485, 53 S.Ct. 252, 77 L.Ed. 439.

8. Baker v. Hudspeth, 10 Cir., 129 F.2d 779, 782, certiorari denied Baker v. Hunter, 317 U.S. 681, 63 S.Ct. 201, 87 L.Ed. 546. See also Stevens v. United States, 10 Cir., 227 F.2d 483, 485, and Odell v. Hudspeth, 10 Cir., 189 F.2d 300, 303, certiorari denied 342 U.S. 873, 72 S.Ct. 116, 96 L.Ed. 656.