■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH PELIO, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, entered November 19, 1964, which denied after a hearing his application to vacate a judgment of the former County Court, Queens County, rendered April 12, 1955 after a jury trial, convicting him of kidnapping and assault in the second degree with intent to commit the crime of rape, and imposing sentence. The judgment of conviction was previously affirmed by this court (4 A D 2d 706). Order affirmed. In our opinion, the defendant failed to sustain the burden of proof in establishing, as alleged, that the police and prosecutor had suppressed exculpatory evidence. The recent redefinition of the crime of kidnapping (*People* v. *Levy,* 15 N Y 2d 159) has no retroactive effect upon the instant defendant's conviction for such offense (*People* v. *Muller,* 11 N Y 2d 154), since there has been no pronouncement that the new rule should apply to cases no longer in the appellate process (cf. *People* v. *Huntley,* 15 N Y 2d 72, 75). Moreover, upon the facts here, the defendant's kidnapping conviction, as well as his assault conviction, " are sustainable together " (*People* v. *Levy, supra,* p. 165). (For appeal from order on a prior *coram nobis* application, see 19 A D 2d 863.) Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES ROOKS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 29, 1964 after a jury trial, convicting him of murder in the first degree and sentencing him, by reason of his age of 15 years as of the time of the commission of the crime, to a mandatory term of life imprisonment. Action remitted to the trial court for further proceedings in accordance with this decision. Part of the People's proof consisted of a certain written statement made by the defendant upon arrest and prior to his arraignment. The issue of the voluntariness of such statement was raised during the trial by the defendant, and was submitted by the trial court to the jury for determination together with the other issues. Such procedure has now been held to be violative of the defendant's constitutional rights; he was entitled to a separate trial by the court alone of the issue as to the voluntariness of his confession (*Jackson* v. *Denno,* 378 U. S. 368; *People* v. *Huntley,* 15 N Y 2d 72). Accordingly, on the court's own motion this action is remitted to the trial court for further proceedings in accordance with the procedure prescribed by this court in its decisions of December 21, 1964 (see, e.g., *People* v. *Davis,* 22 A D 2d 921), as modified and amplified by the Court of Appeals in its subsequent decision (*People* v. *Huntley, supra*). In the interim, the pending appeal in this action will be held in abeyance. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD SIMONS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 27, 1963 after a jury trial, convicting him of robbery in the first degree, grand larceny in the second degree and assault in the second degree, and imposing sentence upon him as a second felony offender. Part of the People's proof consisted of certain statements alleged to have been made by the defendant prior to his arraignment. The issue of voluntariness of such statements was raised during the trial by the defendant and was submitted by the trial court to the jury for determination. Action