Richard T. WHITE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8461.

United States Court of Appeals Tenth Circuit.

Sept. 12, 1966.

Russell Shultz, Wichita, Kan., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

PICKETT, Circuit Judge.

White appeals from a sentence imposed after conviction on an information charging him with aiding, abetting, inducing and procuring Melvin Morris Kernick, Reynold D. McCarty and Jesse Rand Howard wilfully and unlawfully to transport in interstate commerce a 1963 Cadillac automobile, knowing it to have been stolen.[1] 18 U.S.C. § 2; 18 U.S.C. § 2312. The only question which merits consideration here is whether the evidence is sufficient to sustain White's conviction as an aider and abettor.

White, an automobile mechanic, was operating a machine shop in Wichita, Kansas, where he was engaged in the rebuilding and sale of wrecked automobiles. In November, 1963, he purchased a 1963 Cadillac which had been wrecked and declared beyond repair. He retained the title and, after removing the serial number plate, sold the vehicle for salvage. Early in 1964, he mortgaged this automobile to a local bank as security for

---

1. Kernick, McCarty and Howard, prior to White's trial, had been convicted of the principal crime under 18 U.S.C. § 2312.

a loan. In the latter part of May, 1964, White met with Kernick, who was engaged in a like business in Wichita, and told him that he was in need of a 1963 Cadillac similar to the one described in the mortgage. He requested Kernick to make arrangements with someone to supply such an automobile. After several conversations, Kernick informed White that he had two men who would undertake to obtain the automobile for $800.00. Kernick was advised to proceed with the deal. It was agreed that after a sale of the automobile, the suppliers would be paid $800.00 and that after paying this sum and the amount due on the mortgage, the balance of the sale proceeds would then be divided between them.

A short time thereafter, Kernick made arrangements with McCarty and Howard to acquire such an automobile in a state other than Kansas. They proceeded to Springfield, Missouri and from there to Kansas City, Missouri, where they located an automobile which met the needs of White. It was stolen from a parking lot and delivered to Kernick at his place of business in Wichita at about midnight. Kernick immediately delivered the automobile to White, and they removed the serial number plate and replaced it with the serial number which had been taken from the wrecked vehicle. White thereafter sold the vehicle for $4,050.00. Kernick testified that he received $1,250.00 from White, $800.00 of which he paid to McCarty and Howard. White said he paid $1,600.00 to Kernick.

 18 U.S.C. § 2(a) provides that "whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal." Aiding and abetting, as used in the statute, means to assist the perpetrator of a crime. United States v. Williams, 341 U.S. 58, 71

S.Ct. 595, 95 L.Ed. 747. As this court said in Roth v. United States, 10 Cir., 339 F.2d 863, 865, "To be an aider and abettor requires that a defendant 'associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.' The proof must establish the commission of the offense by someone and the aiding and abetting by the defendant so charged." (footnotes omitted) See also, Nye & Nissen v. United States, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919; Jasso v. United States, 5 Cir., 290 F.2d 671, cert. denied 368 U.S. 858, 82 S.Ct. 97, 7 L.Ed.2d 55.

 Aiding and abetting implies guilty knowledge. Grant v. United States, 9 Cir., 291 F.2d 746, cert. denied 368 U.S. 999, 82 S.Ct. 627, 7 L.Ed.2d 537. Generally, it is not essential that there be actual communication between an aider and abettor and the principal. Communication between them may be through a third person. Nor is it necessary that the aider and abettor know by whom the crime is actually perpetrated. Winger v. United States, 9 Cir., 233 F.2d 440; Morei v. United States, 6 Cir., 127 F.2d 827; 22 C.J.S. Criminal Law § 93a.

 Although Kernick testified that he could not "really honestly say that he asked me if I knew someone that would steal a car," [2] there nevertheless was adequate evidence from which it could be inferred that White not only participated in and associated himself with the theft of the automobile and its unlawful interstate transportation, but that he was the actual instigator of the crime. The inference is inescapable that the stolen automobile was to be delivered to White to replace the one that had been "totaled" out and then mortgaged to the bank.

Affirmed.

2. Kernick had previously told the Assistant United States Attorney that White had

contacted him and told him that he wanted someone to steal a 1963 Cadillac.