UNITED STATES ex rel. Melville R. ANDERSON, Relator-Appellant,

v.

Edward M. FAY, Warden, Green Haven Prison, Stormville, New York, Respondent-Appellee.

No. 404, Docket 31920.

United States Court of Appeals
Second Circuit.

Submitted April 11, 1968.

Decided April 29, 1968.

Thomas R. LeViness, New York City, filed a brief for relator-appellant.

Michael Jaffe, New York City, Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), filed a brief for respondent-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and KAUFMAN, Circuit Judges.

PER CURIAM:

Melville R. Anderson, an inmate of Green Haven Prison, Stormville, New York, appeals from an order of the United States District Court for the Southern District of New York, Cashin, J., dismissing on the merits his application for a writ of habeas corpus following a hearing. On March 26, 1962, after a jury trial in state court, Anderson was found guilty of kidnapping and robbery in the first degree and is currently serving concurrent sentences of from 20 years to life for the former offense and from 10 to 20 years for the latter. Both convictions resulted from the same series of events, Anderson's participation in the robbery and detention of the principal witness against him, a Mrs. Evelyn Davis.

In the court below, Anderson claimed that the prosecution suppressed evidence favorable to him and that his

trial counsel was incompetent. Both of these contentions have been abandoned and the main thrust of Anderson's argument on appeal is that the testimony of Mrs. Davis was so incredible as to be "no evidence" within the meaning of Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). We find, as did the District Court, that there was substantial competent evidence to support the conviction. Mrs. Davis testified that upon leaving the Brevoort Savings Bank in Brooklyn she was accosted by Anderson and another man, forced to return to her home and then to withdraw money from her bank account and was not released until later in the afternoon.[1] In addition, she identified Anderson both at a police station and during the course of the trial.[2] Any discrepancies in Mrs. Davis' testimony reflected on her credibility and were for the jury to resolve. United States v. Dehar, 388 F.2d 430 (2d Cir. 1968); United States v. Countryman, 311 F.2d 189 (2d Cir. 1962).

■■ Anderson also claims that he was denied the right to represent himself at the proceedings below and that the hearing was deficient because the state trial transcript was not before the District Court. See Townsend v. Sain, 372 U.S. 293, 319, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). Neither point has merit. Anderson never made an unequivocal request to act as his own attorney, United States ex rel. Maldonado v. Denno, 348 F.2d 12 (2d Cir. 1965), cert. denied, 384 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed.2d 1020 (1966), no significant reason was presented to require postponement of the hearing, and Judge Cashin's opinion makes abundantly clear that he examined the state trial transcript.

Affirmed.

---

1. Under recent New York decisions, the relatively short period of detention incident to the robbery would not normally be punishable as kidnapping. See People v. Lombardi, 20 N.Y.2d 266, 282 N.Y.S.2d 519, 229 N.E.2d 206 (1967); People v. Levy, 15 N.Y.2d 159, 256 N.Y.S.2d 793, 204 N.E.2d 842 (1965). Levy has not, however, been applied retroactively and under New York practice would not appear to affect Anderson's conviction. See People v. Pelio, 24 A.D.2d 500, 261 N.Y.S.2d 433 (2d Dept. 1965).

2. Anderson did not testify at the trial.