**UNITED STATES of America ex rel. Melville R. ANDERSON, Petitioner,**

v.

**Hon. Harold W. FOLLETTE, Warden of Green Haven Prison, Stormville, New York, Respondent.**

**No. 68 Civil 4737.**

United States District Court
S. D. New York.

April 17, 1969.

Melville R. Anderson, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent, Michael Jaffe, Asst. Atty. Gen., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner seeks his release upon a writ of habeas corpus. He is currently confined at the Green Haven state prison at Stormville, New York, where he is serving concurrent sentences of ten to twenty years for robbery and twenty years to life for kidnapping. The Appellate Division affirmed the conviction without opinion,[1] and the Court of Appeals denied leave to appeal. Petitioner charges that the trial court misconstrued the state kidnapping statute, which, as subsequently interpreted by the New York Court of Appeals, requires proof of kidnapping in the "conventional sense" rather than as a merely temporary detention or asportation incidental to some other crime.[2]

■ The essence of petitioner's claim is that the state courts have failed to give the Lombardi and Levy decisions retrospective effect in his case. The New York courts, including the court to which petitioner presented this argument in a petition for a writ of habeas corpus, have rejected just such a contention,[3] and their construction of the statute is as binding upon this court as though the New York legislature had itself written an anti-retroactivity clause into the kidnapping law.[4] The choice by the State that its interpretation of a state statute overruling a prior interpretation is to be applied prospectively and not retrospectively, presents no federal constitutional issue under the due process clause.[5]

■ And entirely apart from the lack of merit, our own Court of Appeals has commented adversely upon petitioner's claim in an earlier application for a federal writ of habeas corpus in which petitioner charged that the testimony of the kidnapping-robbery victim was so incredible as to be "no evidence."[6] Because the claim here is identical to that presented in petitioner's prior application, and because the Court of Appeals has already indicated that the claim is without merit, this Court's

1.  18 A.D.2d 1136 (2d Dep't 1963).

2.  People v. Lombardi, 20 N.Y.2d 266, 270–272, 282 N.Y.S.2d 519, 521–522, 229 N.E.2d 206 (1967); People v. Levy, 15 N.Y.2d 159, 163–166, 256 N.Y.S.2d 793, 795–797, 204 N.E.2d 842, cert. denied, 381 U.S. 938, 85 S.Ct. 1770, 14 L.Ed.2d 701 (1965).

3.  People v. Pelio, 24 A.D.2d 500, 261 N.Y.S.2d 433 (2d Dep't 1965).

4.  Terminiello v. Chicago, 337 U.S. 1, 6, 69 S.Ct. 894, 93 L.Ed. 1131 (1949); Winters v. New York, 333 U.S. 507, 514, 68 S.Ct. 665, 92 L.Ed. 840 (1948); Hebert v. Louisiana, 272 U.S. 312, 317, 47 S.Ct. 103, 71 L.Ed. 270 (1926).

5.  Cf. Linkletter v. Walker, 381 U.S. 618, 624–625, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Great Northern Ry. v. Sunburst Oil & Ref. Co., 287 U.S. 358, 364–365, 53 S.Ct. 145, 77 L.Ed. 360 (1932). See also Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). And see W. Schaefer, The Control of "Sunbursts": Techniques of Prospective Overruling (1967).

6.  United States ex rel. Anderson v. Fay, 394 F.2d 109, 110 n. 1 (2d Cir. 1968).

authority to consider the claim is severely limited, and it "should exercise great restraint before entertaining [this] * * * habeas corpus application * * *."[7]

Petitioner's argument, not previously raised in the state courts, that the kidnapping sentence is cruel and unusual punishment and a deprivation of due process is without merit.[8]

The petition is dismissed.

**7.** United States ex rel. Schnitzler v. Follette, 406 F.2d 319, 322 (2d Cir. 1969).

**8.** *Cf.* United States v. Martell, 335 F.2d 764, 766 (4th Cir. 1964); Hess v. United States, 254 F.2d 578, 585 (8th Cir. 1958); Kelly v. United States, 76 F.2d 847, 848 (10th Cir. 1935); Bailey v. United States, 74 F.2d 451, 452–453 (10th Cir. 1934). See also United States v. Jackson, 390 U.S. 570, 583, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). And see Coon v. United States, 360 F.2d 550, 555 (8th Cir.), cert. denied, 385 U.S. 873, 87 S.Ct. 145, 17 L. Ed.2d 100 (1966) (18 U.S.C. § 2113(e)).