**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Donald J. PRIEST, Defendant-Appellant.**

**No. 101–69.**

United States Court of Appeals
Tenth Circuit.

Jan. 2, 1970.

James R. Richards, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., with him on the brief), for appellee.

Brooke W. Banbury, Denver, Colo., for appellant.

Before MURRAH, PICKETT and HICKEY, Circuit Judges.

PICKETT, Circuit Judge.

Appellant, Donald J. Priest, and Arthur Everett Small, Jr. were charged jointly with transferring a quantity of marihuana to a purchaser not in pursuance of a written order on a form issued for that purpose by the Secretary of the

---

Treasury or his delegate in violation of 26 U.S.C. § 4742(a).[1] The case was tried and presented to the jury on the theory that under 18 U.S.C. § 2(a) Priest was liable as a principal for aiding and abetting Small in the transfer of the marihuana. The principal issues presented relate to the sufficiency of the evidence to sustain the conviction and whether compliance with the statutory requirements of 26 U.S.C. § 4742(a) violated Priest's constitutional privilege against self-incrimination.

The prosecution's evidence developed that on November 9, 1966 an undercover agent of the United States Treasury Department by previous arrangement met Small at a lounge in Denver, Colorado. Upon entering the lounge, the agent joined Small, who was seated at the bar. At Small's suggestion they moved to a booth located in the room. Priest, who had entered the lounge at approximately the same time that the agent arrived, immediately joined them at the booth and Small introduced him to the agent. The three discussed the possible purchase of marihuana by the agent. The agent told Priest that he was dissatisfied with the quantity and quality of a former purchase of marihuana from Small. Priest then told the agent that the product which was to be purchased at this time was of much better quality and that more "cans" could be obtained from it because of its superior quality. According to the testimony of the agent, Priest explained that this superior quality resulted from allowing the marihuana to ripen on the plant, which permitted more of the seeds and husks to be eliminated, and that there would be fewer large stems and pieces of twigs. Priest is quoted as stating that at least 80 "cans" could be obtained from the "batch" which was to be purchased at this time. When the conversation in the booth had been completed, Priest advised Small not to make the proposed transfer from his car to the agent in a nearby lounge parking lot because it was then under observation by the Denver Police Department; he further advised Small to drive a couple of blocks away before making the transfer.

Small and the agent left the lounge without Priest and the transaction was completed several blocks away. The agent did not have the order form required for such transactions by 26 U.S.C. § 4742(a). Priest admitted that he was present during the discussion about the marihuana, but maintained that he was there only as a friend of Small and had nothing to do with the sale or transfer of any marihuana and was not present at the time the marihuana was transferred.

In defining the term "aiding and abetting" within the meaning of 18 U.S.C. § 2(a), we said in White v. United States, 366 F.2d 474, 476 (10 Cir. 1966):

> * * * Aiding and abetting, as used in the statute, means to assist the perpetrator of a crime. United States v. Williams, 341 U.S. 58, 71 S.Ct. 595, 95 L.Ed. 747. As this court said in Roth v. United States, 10 Cir., 339 F.2d 863, 865, "To be an aider and abettor requires that a defendant 'associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.' The proof must establish the commission of the offense by someone and the aiding and abetting by the defendant so charged." * * *

See also Nye & Nissen v. United States, 336 U.S. 613, 619, 69 S.Ct. 766, 93 L.Ed. 919 (1949); Wyatt v. United States, 388 F.2d 395 (10 Cir. 1968).

The jury was free to infer from the testimony of the agent that Priest

---

1. 26 U.S.C. § 4742(a) is as follows:
   General requirement.—It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate.

**572**

not only desired that the transaction be consummated, but associated himself with Small in making the sale. The record shows that Priest was the salesman furnishing the convincing arguments as to the quality and quantity of the marihuana to be purchased and suggesting where the transaction should be completed to avoid police detection. Clearly, a jury question was presented.

 Relying on Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969), Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L. Ed.2d 889 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L. Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L. Ed.2d 923 (1968), Priest argues that the Fifth Amendment privilege against self-incrimination provided a complete defense to a prosecution under 26 U.S.C. § 4742(a). This issue was determined by the Supreme Court in Minor v. United States and Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283. In the *Buie* case, with facts similar to those here, it was held that the rule announced in *Leary* and the other cases referred to had no application to the seller of marihuana in violation of 26 U.S.C. § 4742(a).[2]

 There is no merit to Priest's contention that the conviction should be reversed because the record discloses that the defense of entrapment was available. There was no evidence of en-

trapment. Furthermore, that issue was not raised in the lower court and cannot for the first time be presented on appeal. Lucas v. United States, 355 F.2d 245 (10 Cir. 1966), cert. denied, 384 U. S. 977, 86 S.Ct. 1873, 16 L.Ed.2d 687; Lucas v. United States, 343 F.2d 1 (8 Cir. 1965), cert. denied, 382 U.S. 862, 86 S.Ct. 125, 15 L.Ed.2d 100; United States v. Countryman, 311 F.2d 189 (2 Cir. 1962); Hale v. United States, 149 F.2d 401 (5 Cir. 1945), cert. denied, 326 U.S. 732, 66 S.Ct. 40, 90 L.Ed. 436.

Affirmed.

---

2. Referring to the *Buie* case, the Supreme Court said:

Buie's situation thus bears little resemblance to the situation which confronted Leary. The vice of the statute in that case—as in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906, and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923— stemmed from the dilemma which confronted the buyer. The statute purported to make all purchases of marihuana legal from the buyer's viewpoint at his option; all he had to do to avoid the federal penalty was to secure the form and pay the tax. But to exercise that

option and avoid the federal penalty, he was forced to incriminate himself under other laws. In the present case, the first horn of this dilemma does not confront the seller. In the face of a buyer's refusal to secure the order form, the option of making a legal sale under federal law is foreclosed by the buyer's decision, and "full and literal compliance" with the law by the seller means simply that he cannot sell at all. There is no real and substantial possibility that the § 4742(a) order form requirement will in any way incriminate sellers for the simple reason that sellers will seldom, if ever, be confronted with an unregistered purchaser who is willing and able to secure the order form.