UNITED STATES of America,
Plaintiff-Appellee,

v.

Wayne Douglas STORK, Defendant-Appellant.

No. 138-69.

United States Court of Appeals
Tenth Circuit.

Jan. 15, 1970.

Certiorari Denied May 18, 1970.
See 90 S.Ct. 1704.

Gordon Allott, Jr., Denver, Colo. (James L. Treece, U. S. Atty., and Leonard Campbell, Asst. U. S. Atty., on the brief), for appellee.

William F. Reynard, Denver, Colo., for appellant.

Before PHILLIPS, BREITENSTEIN and HICKEY, Circuit Judges.

PER CURIAM.

The jury found defendant-appellant Stork guilty of each count of a two-count indictment charging the transfer of marihuana in violation of 26 U.S.C. § 4742(a) and he appeals from the judgment imposing sentence.

In Leary v. United States, 395 U. S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, the Supreme Court set aside a conviction of a transferee of marihuana under 26 U. S.C. § 4744(a) (2) on the ground that the timely assertion of privilege under the Fifth Amendment is a complete defense. Defendant contends that the same defense is available to a charge against a transferor under § 4742(a). The Supreme Court has recently held to the contrary. See Minor v. United States decided with Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L. Ed.2d 283. In United States v. Priest, 10 Cir., 419 F.2d 570, we followed those decisions and denied the applicability of Leary to the prosecution of a transferor charged under § 4742(a).

Defendant also claims that the conviction of Count Two must fall because of entrapment and coercion. The record shows that defendant sold an undercover agent a product identified by the defendant as opium. It turned out to be non-narcotic. The agent complained and defendant then delivered a quantity of hashish, a marihuana derivative. De-

fendant says that the transfer was induced by threats of bodily harm.

 The court gave proper instructions on entrapment and coercion, and no objections were made thereto. The record shows a predisposition of the defendant to deal in narcotics and marihuana. The government agent did not implant a criminal intent in the mind of an otherwise innocent person. See Martinez v. United States, 10 Cir., 373 F.2d 810, 812. So far as coercion is concerned the jury believed the government rather than the defense witnesses.

Affirmed.