**UNITED STATES of America,**

v.

**Grady F. BLANDEN et al.**

**Appeal of Johnnie Lee HAYES.**

**No. 71–1693.**

United States Court of Appeals, Third Circuit.

Submitted Nov. 28, 1972.

Decided Jan. 11, 1973.

See also, D.C., 334 F.Supp. 1179.

Harry Aaron Rubin, Jay S. Gottlieb, Philadelphia, Pa., for appellant.

Thomas J. McBride, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before McLAUGHLIN, ALDISERT and ADAMS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Appellant was indicted with his brother Roy and Grady Blanden for the substantive offense of passing a counterfeit note contrary to 18 U.S.C. § 472. He was tried before the district court sitting without a jury at his request. He was acquitted on that charge.

He was also tried by said court without a jury, on counts 5, 6 and 7 of said indictment for aiding and abetting the passage of four counterfeit twenty dollar bills. Roy Hayes and Blanden were convicted of passing said four bills. Appellant was found guilty of aiding and abetting the passage of the bills on counts 5, 6 and 7 of the indictment.

During the period of the passage of said bills by Roy Hayes and Blanden, appellant wore a cast on his right leg or foot. He was affirmatively identified as the driver of the automobile in which Roy, his brother, and Blanden were riding. In Buckingham, Pa. Roy left the automobile and went to Horne's bakery where he passed one of the twenty dollar notes. In Allentown, Pa. Roy again left the automobile and passed the second counterfeit bill at the "Stop and Go Restaurant". A trial witness testified that there was a black man with a cast on one of his legs in the automobile at that time. The Allentown police arrested Roy in said automobile which was registered in the name of appellant's wife. It was noted that Roy had purchased less than two dollars worth of hamburgers and a soft drink with the bogus bills. He had no more than six dollars on him when he was taken into custody by the Allentown police.

There was trial evidence presented to the effect that the day after the above stated episodes Blanden passed two counterfeit twenty dollar bills in an Easton, Pa. tavern. There was testimony that a man with a leg cast on one of his legs was in the tavern on that occasion and that he left the tavern immediately when the Easton police came into the tavern. Appellant had been let go by the Allentown police some hours prior to the Easton situation. There was testimony that appellant was wearing his cast during his appearance in the Easton tavern.

The trial record shows substantial evidence to the effect that appellant was not merely a passenger in his or his wife's car out for the various rides and all of them with the objective of obtaining genuine currency for the spurious bills. Appellant's brother, after all four twenty dollar counterfeit notes had been accepted as legitimate money, had only about six dollars whereas appellant had $157 lawful dollars on his person.

The entire record strongly indicates as the trial judge said at sentencing to appellant that "you are probably the fellow that is the brains of this whole operation, from what I can see in here." We are of the same opinion but in any event it is obvious that appellant at the very least aided and abetted the passage of the counterfeit bills with which we are concerned. See United States v. Garguilo, 310 F.2d 249 (2 Cir. 1962). Obviously appellant was a most important participant in this passing of the counterfeit bills for real United States money. Long v. United States, 360 F.2d 829 (D.C.Cir. 1966); White v. United States, 366 F.2d 474 (10 Cir. 1966); United States v. Anthony, 145 F.Supp. 323 (D.C. Pa.1954). On the whole record, the district court judgment is clearly sound. It will be affirmed.

ADAMS, Circuit Judge, concurs with the result.