F I L E D
United States Court of Appeals
Tenth Circuit

DEC 31 1997

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WILLIAM McILROY,

      Defendant-Appellant.

No. 96-2219
(D.C. No. CIV-94-1163-JC)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

      William McIlroy appeals from the district court's denial of his motion to

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]

Mr. McIlroy was convicted by a jury of conspiracy to manufacture more than 500 grams of amphetamine, and aiding and abetting, in violation of 21 U.S.C.§ 841(a)(1) and (b)(1)(C), 21 U.S.C. § 846, and 18 U.S.C. § 2, and of the manufacture of more than 500 grams of amphetamine, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2. He was sentenced to 151 months imprisonment on each count to run concurrently. The facts of Mr. McIlroy's case are detailed in *United States v. Langston*, 970 F.2d 692, 695-97 (10th Cir.), *cert. denied*, 506 U.S. 965 (1992), where this court affirmed Mr. McIlroy's conviction, along with those of his co-conspirators.

In his original § 2255 motion, Mr. McIlroy contended he received a disparate sentence in violation of both his due process rights and equal protection of the law. The magistrate judge determined this claim was procedurally barred because Mr. McIlroy had failed to raise it on direct appeal and could not show cause for his procedural default and actual prejudice resulting from the alleged

---

[1] Mr. McIlroy's motion to proceed *in forma pauperis* is granted.

errors, nor could Mr. McIlroy show a fundamental miscarriage of justice if the claim was not addressed. *See United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

In a supplemental brief in support of his § 2255 motion, Mr. McIlroy raised claims of prosecutorial misconduct and ineffective assistance of counsel. The magistrate judge considered these claims and amended his findings, concluding the prosecutorial misconduct claim also was procedurally barred under *United States v. Frady*, 456 U.S. 152 (1982), and the ineffective assistance claim failed to meet the standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). The magistrate judge recommended Mr. McIlroy's motion be denied. After a *de novo* review of Mr. McIlroy's objections, the district court adopted the findings and recommendation of the magistrate judge, and denied the § 2255 motion. Mr. McIlroy appeals the district court's conclusions regarding his ineffective assistance of counsel and prosecutorial misconduct claims.

We review a claim of ineffective assistance of counsel *de novo*. *Hoxsie v. Kerby*, 108 F.3d 1239, 1245 (10th Cir.), *cert. denied*, 118 S. Ct. 126 (1997). To prevail, Mr. McIlroy must meet the two-prong test set forth in *Strickland*. First, he must show his counsel's performance fell below an objective standard of

reasonableness. *Strickland*, 466 U.S. at 687-88. Second, he must show the deficient performance of counsel resulted in prejudice to his defense. *Id*. at 687. There is a "strong presumption" counsel's performance falls within the range of "reasonable professional assistance." *Id*. at 689.

The gravamen of Mr. McIlroy's ineffective assistance claim is that his trial counsel failed to raise a defense based on Mr. McIlroy's alleged withdrawal from the conspiracy to manufacture amphetamine. According to the evidence adduced at trial, on or about July 6, 1989, Mr. McIlroy and several co-conspirators went to an isolated ranch property to operate an amphetamine laboratory. Mr. McIlroy agreed to produce amphetamine and helped to oversee the manufacturing process. On July 11, 1989, when the conspirators were entering the "finishing process" stage of manufacturing the amphetamine, according to Mr. McIlroy, he opted to discontinue his participation, left the ranch, and ceased all communication with his fellow conspirators. Mr. McIlroy now contends his trial counsel was ineffective in failing to raise a withdrawal defense in reliance on *United States v. Parnell*, 581 F.2d 1374 (10th Cir. 1978), *cert. denied*, 439 U.S. 1076 (1979).

In *Parnell*, we stated that "[i]n order to withdraw from a conspiracy an individual must take affirmative action, either making a clean breast to the

authorities or communicating his withdrawal in a manner reasonably calculated to reach co-conspirators."  581 F.2d at 1384.  Assuming *arguendo* that Mr. McIlroy did in fact withdraw from the conspiracy when he left the ranch during the finishing process,[2] we must further inquire what his withdrawal would have accomplished with respect to the charges against him.  *See United States v. Gonzalez*, 797 F.2d 915, 917 (10th Cir. 1986).

In order to prove a defendant is guilty of a criminal drug conspiracy as a principal under 21 U.S.C. § 846, the government must prove two or more persons agreed to violate the law; the defendant knew the essential objectives of the conspiracy; and the defendant knowingly and voluntarily became part of the conspiracy.  *Langston*, 970 F.2d at 705.  To be guilty of aiding and abetting a drug conspiracy under 18 U.S.C. § 2, the defendant must associate himself with the venture, participate in it as something he wishes to bring about, and seek by his action to make it succeed.  *Id*. (citations omitted).  The government must further prove "'the commission of the offense by someone and the aiding and abetting by the defendant so charged.'"  *Id*. (quoting *Roth v. United States*, 339 F.2d 863, 865 (10th Cir. 1964)).

---

[2]  The government contends Mr. McIlroy did not withdraw from the conspiracy, but fled from fear of discovery.

Once any conspirator commits an overt act in furtherance of the object of the agreement, "the crime of conspiracy is complete; and no member of the conspiracy can withdraw from that crime." *Gonzalez*, 797 F.2d at 916. As we noted in *Gonzalez*, "when a withdrawal does occur, in the sense of disassociation from the acts of a conspiracy, the withdrawing conspirator is exonerated only with respect to *future* acts." *Id*. at 917 (emphasis added). Given that Mr. McIlroy had already agreed to manufacture and had participated in the manufacture of amphetamine *prior* to his departure from the ranch, his withdrawal would not absolve him of the either the earlier completed conspiracy or of the manufacture of amphetamine. *See Langston*, 970 F.2d 706-07 (detailing sufficiency of the evidence of conspiracy against Mr. McIlroy).

Since a withdrawal defense would have been of no aid to Mr. McIlroy, counsel did not act unreasonably in choosing not to raise a futile defense that would have limited significantly his strategic options. *See Strickland*, 466 U.S. at 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). Consequently, failure to raise the withdrawal defense resulted in no prejudice to Mr. McIlroy.

Thus, Mr. McIlroy's ineffective assistance of counsel claim is without merit.[3]

Mr. McIlroy's claim of prosecutorial misconduct similarly relies on the same misapprehension of the impact of his alleged withdrawal on his culpability for past acts and is without merit.

The judgment of the district court is **AFFIRMED**.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge

---

[3] Since Mr. McIlroy failed to allege sufficient facts to support his ineffective assistance of counsel claim, we conclude no evidentiary hearing is required. *See Lasiter v. Thomas*, 89 F.3d 699, 702-03 (10th Cir.), *cert. denied*, 117 S. Ct. 493 (1996).