**NELSON v. UNITED STATES.**

No. 4715.

United States Court of Appeals
Tenth Circuit.

Dec. 2, 1953.

Charles E. Dierker, Oklahoma City, Okl., filed a brief for appellant.

Robert E. Shelton, U. S. Atty., W. D. of Okl., and Harry G. Foreman, Asst. U. S. Atty., W. D. of Okl., Oklahoma City, Okl., filed a brief for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order denying a motion to vacate a sentence, filed by Nelson under 28 U.S.C.A. § 2255.

On January 30, 1951, Nelson, on his plea of guilty to an information charging him with juvenile delinquency, filed in the United States District Court for the District of Arizona, was sentenced to the custody of the Attorney General for imprisonment in an institution of the reformatory type until he should reach his majority. Nelson was then 17 years of age.

On October 1, 1952, an information was filed in the United States District Court for the Western District of Oklahoma, charging that on September 9, 1952, in the Federal Reformatory at El Reno, in the Western District of Oklahoma, Nelson and 11 codefendants "did instigate, connive, and wilfully attempt to cause a mutiny or riot" at such reformatory in violation of 18 U.S.C.A. § 1792.

Nelson had theretofore duly waived presentment or indictment by a grand jury and had consented to be charged by information. Thereafter, on October 13, 1952, Nelson appeared in the court below in person and with counsel and entered a plea of guilty to the information. On October 29, 1952, Nelson appeared in person and with counsel and was sentenced to the custody of the Attorney General for a term of three years, to run consecutively with the sentence he was then serving under the commitment by the United States District Court for the District of Arizona. Thereafter, on December 24, 1952, the sentencing court reduced the term of imprisonment from three years to two years, to commence upon the expiration of, or legal release of Nelson from, the sentence imposed in the District of Arizona.

On February 27, 1953, the United States District Court for the District of Arizona, upon a motion filed by Nelson under 28 U.S.C.A. § 2255, vacated the sentence theretofore imposed on Nelson

on January 30, 1951, on the ground that Nelson had not competently waived his constitutional right to have the assistance of counsel for his defense and had been denied the right of such counsel.

The motion to vacate in the instant case is predicated on the contention that the sentence under which Nelson was confined at the reformatory on September 9, 1952, was void and therefore he could not have unlawfully instigated, connived or wilfully attempted to cause the mutiny or riot at such Federal reformatory.

We deem it unnecessary to determine whether the Arizona sentence was void or merely voidable.[1]

18 U.S.C.A. § 1792 provides: "Whoever instigates, connives, willfully attempts to cause, * * * any mutiny or riot, at any Federal penal or correctional institution, * * * shall be imprisoned not more than ten years." Clearly, that statute makes it unlawful for any person to instigate, connive or wilfully attempt to cause a mutiny or riot at any Federal penal or correctional institution. The statute is not limited to persons lawfully incarcerated in the Federal penal or correctional institution. It embraces any person who instigates, connives or attempts to cause such mutiny or riot and, in our opinion, embraced Nelson.

The fact that Nelson may have been incarcerated in the institution unlawfully was no justification for his instigating, conniving or attempting to cause a mutiny or riot at the institution. This is not a case of a person incarcerated under a void sentence using only the force necessary to obtain his liberty. A riot or mutiny would disrupt due administration of the institution and might well lead to serious injury to property of the United States and to prison officials and employees by persons lawfully in custody in the institution and to the escape of such persons lawfully in custody.

Nelson's remedy for his unlawful incarceration was not to violate the criminal law of the United States, but to seek the vacation of his sentence under 28 U.S.C.A. § 2255.[2]

Affirmed.

---

1. See, however, Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461.

2. Bayless v. United States, 9 Cir., 141 F.2d 578.