UNITED STATES of America,
Plaintiff-Appellee,

v.

Thomas Benjamin RODGERS, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

M. C. ESTER, Jr., Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Garland Edward GOFF, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Gene Walter HUTTON, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Lee OWENS, Jr., Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Jan Walton CRISWELL, a/k/a Jan Wal-
ton Conners, Defendant-Appellant.

Nos. 68–69, 147–69, 153–69, 154–69,
155–69, 156–69.

United States Court of Appeals
Tenth Circuit.

Dec. 17, 1969.

Rehearings Denied Feb. 6, 1970.

Rehearing Denied in No. 155–69
March 2, 1970.

kett, U. S. Atty., on the brief), for appellee.

Burck Bailey, Oklahoma City, Okl., for appellant Rodgers.

Hugh A. Baysinger, Oklahoma City, Okl., for appellant Ester.

Jay R. Bond, Oklahoma City, Okl., for appellant Goff.

Mickey James, Oklahoma City, Okl., for appellant Hutton.

William P. Porter, Oklahoma City, Okl., for appellant Owens.

Emmett Rice, Oklahoma City, Okl., for appellant Criswell.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

Late in the afternoon of April 27, 1968 a large number of the inmates at the United States Reformatory, El Reno, Oklahoma, participated in a riot. Substantial damage to government property resulted therefrom and a number of officers and employees of the institution were assaulted and injured by those taking part. Three separate indictments were returned, each charging in the first count that all of the defendants named therein "aided and abetted each other" in instigating the riot in violation of 18 U.S.C. § 1792.[1] In the various indictments, in addition to the aiding and abetting count, there were separate counts charging some of the participating individuals with assault upon federal officers. Of the defendants pleading not guilty there were separate trials on each indictment, resulting in a conviction of some and acquittal of others. In case No. 147–69, Ester is the only appellant;

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Bur-

---

1. The pertinent part of 18 U.S.C. § 1792 reads as follows:

 "Whoever instigates, connives, willfully attempts to cause, assists, or conspires to cause any mutiny or riot, at any Federal penal or correctional institution, or without the knowledge or consent of the warden or superintendent, conveys into such institution, or from place to place therein any tool, device, or substance designed to cut, abrade, or destroy the materials, or any part thereof, of which any building of such institution is constructed, or any other substance or thing designed to injure or destroy any building, or any part thereof, of such institution; * * * shall be imprisoned not more than ten years."

in case No. 68–69, Rodgers is the lone appellant; in cases Nos. 153–69, Goff; 154–69, Hutton; 155–69, Owens; and 156–69, Criswell, all were defendants in one indictment and appealed separately from convictions on several counts.[2] All of the appeals were consolidated for argument and will be considered in one opinion. There are some issues which are common to each indictment and to each appellant. These common questions will be determined generally and questions relating only to a single appellant will be considered separately.

■ In the first count of each indictment all appellants were accused and later convicted of aiding and abetting "each other to instigate, connive and willfully attempt to cause a mutiny and riot at said penal and correctional institution" in violation of Title 18 U.S.C. §§ 2 and 1792. The nature of the pleading in these aiding and abetting counts is unique. It is clear, however, from the record and the presentation in this court that the purpose of the indictment was to charge the individual defendants as aiders and abettors and not as principals. Although an aider and abettor may be charged and convicted as a principal, 18 U.S.C. § 2, Nance v. Baker, 10 Cir., 400 F.2d 864 (1968), it is not contended that any of those named in the indictments were principals in instigating or causing the riot. The law is settled that one cannot be guilty of aiding and abetting in the commission of a crime until it has been established that someone has committed that crime. White v. United States, 10 Cir., 366 F.2d 474 (1966); Roth v. United States, 10 Cir., 339 F.2d 863 (1964); Von Patzoll v. United States, 10 Cir., 163 F.2d 216 (1947), cert. denied, 332 U.S. 809, 68 S. Ct. 110, 111, 92 L.Ed. 386, 387; Morgan v. United States, 10 Cir., 159 F.2d 85 (1947). The plain words of 18 U.S.C.

§ 1792 limit the offense to the instigation of or connivance to cause a riot or mutiny and does not include participation therein. *Cf.* Nelson v. United States, 10 Cir., 208 F.2d 211 (1953). The indictments do not allege that anyone instigated or connived to cause a riot. There is no allegation that anyone instigated or caused the riot. The United States does not contend otherwise. Apparently the cause of the riot was not known. In any event, the record does not disclose that it was caused through the instigation or connivance of any person or group of persons. It is contended, as we understand the government's position, that proof of participation in the riot by the accused, even though there was no concert of action,[3] presents a jury question as to aiding and abetting each other in the riot. The result of an acceptance of this argument would be to permit one who participated in a riot or mutiny to be convicted without an allegation or proof of any of the acts condemned by the statute. The convictions in each indictment on the aiding and abetting counts cannot be sustained.[4]

■ Some defendants moved for separate trials. The denial of these motions is assigned as error. In appropriate cases more than one offense may be charged in one indictment or information in separate counts; and likewise, more than one defendant may be charged in one indictment or information. Rule 8, Fed.R.Crim.P. The court may order separate trials in multiple defendant indictments or informations cases if it appears that a defendant or the government will be prejudiced by a joint trial. Rule 14, Fed.R.Crim.P. The granting of such motions is within the discretion of the trial court and it is error only when that discretion has been abused. Sullins v. United States, 10 Cir., 389

---

2. All appellants were convicted on the aiding and abetting count.

3. With few exceptions, the appellants were not acting together during the riot. The evidence indicates that they did not know each other.

4. Appellants Rodgers, 68–69; Goff, 153–69; Hutton, 154–69; and Criswell, 156–69, were convicted only on the aiding and abetting count.

F.2d 985 (1968); Kolod v. United States, 10 Cir., 371 F.2d 983 (1967), vacated and remanded on other grounds, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176; Roth v. United States, 10 Cir., 339 F.2d 863 (1964); Johns v. United States, 10 Cir., 227 F.2d 374 (1955); Dauer v. United States, 10 Cir., 189 F.2d 343 (1951), cert. denied, 342 U.S. 898, 72 S.Ct. 232, 96 L.Ed. 672. All of the counts in the three indictments resulted from activities of the defendants during one riot at one federal penal institution. We find nothing in the records of the several cases which shows an abuse of discretion in denying the motions for separate trials.

### M. C. ESTER—CASE NO. 147–69

 Ester was convicted on count 4 of the indictment which alleged that he assaulted officers Hollman and Ellison in violation of 18 U.S.C. §§ 111 and 1114. Relying on the general rule that two or more separate and distinct offenses cannot be joined in a single count of an indictment or information, count 4 is challenged on the ground of duplicity.[5] The allegations of the subject count purport to set forth but a single assault made upon the persons of two named officers, Ellison and Hollman. The count is not duplicitous on its face for a single act of assault may be made simultaneously against two or more persons as when the single act of firing a shot causes the bullet to strike two or more persons. Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958). In like vein a single transaction, the transportation of women in interstate commerce for immoral purposes, may victimize several persons simultaneously and be properly plead in a single count. Nor is an indictment faulty for duplicity for alleging the commission of a single offense committed in different manners as set forth in statutory prohibitions. Travis v. United States, 10 Cir., 247 F.2d 130, 134, rev'd on other grounds, 364 U.S. 331, 81 S.Ct. 358, 5 L.Ed.2d 340. However, none of the cited cases is dispositive under the total circumstances of this case. Here there was evidence that Ester assaulted officer Ellison and also assaulted another officer not named in the indictment. The government concedes that there was no evidence of a simultaneous assault on officers Ellison and Hollman and no evidence of an assault on officer Hollman at all. Whether the case in its present posture indicates that the indictment was actually duplicitous *ab initio* as attempting to charge two separate offenses in a single count or whether Ester's conviction was for an offense not charged is now of but technical and academic interest. In neither instance can the conviction be sustained.

### GARLAND EDWARD GOFF— CASE NO. 153–69 GENE WALTER HUTTON— CASE NO. 154–69 LEE OWENS—CASE NO. 155–69 JAN WALTON CRISWELL— CASE NO. 156–69

These appellants were charged jointly in the first count of an indictment with aiding and abetting each other in instigating and causing a riot in violation of 18 U.S.C. §§ 2 and 1792.[6] The second count was directed only to Owens, where it is alleged that he assaulted an officer at a federal correctional institution in violation of 18 U.S.C. §§ 111 and 1114. For the reasons hereinabove stated, all the convictions on count 1 must be reversed. There remains for consideration only the validity of the conviction of Owens on the assault count.

 It is urged that the court erred in denying a motion to dismiss for the reason that the minutes of the grand jury which returned the indictment were

---

5. Barron and Holtzoff, Fed.Practice and Procedure, Vol. 4, § 1931; 42 C.J.S., Indictments and Informations, § 162.

6. Except for the names of the defendants, the aiding and abetting counts in the three indictments were the same.

not available. The record discloses that the grand jury proceedings were not reported. This court has held that the law does not require grand jury proceedings to be reported and transcribed, and in such cases it is not error to deny the motion to produce the grand jury minutes. Pinelli v. United States, 10 Cir., 403 F.2d 998 (1968); Wyatt v. United States, 10 Cir., 388 F.2d 395 (1968); Thompson v. United States, 10 Cir., 381 F.2d 664 (1967); McCaffrey v. United States, 10 Cir., 372 F.2d 482 (1967), cert. denied, 387 U.S. 945, 87 S.Ct. 2078, 18 L.Ed.2d 1332; Campbell v. United States, 10 Cir., 368 F.2d 521 (1966). It is also urged that the court erred in denying Owens' request to submit to a lie detector test and admit the results into evidence. We have held that results of a lie detector test are inadmissible. The refusal of the request was not error. United States v. Wainwright, 10 Cir., 413 F.2d 796 (1969); Marks v. United States, 10 Cir., 260 F.2d 377 (1958), cert. denied, 358 U.S. 929, 79 S.Ct. 315, 3 L.Ed.2d 302.

■ It is next contended that statements made by Owens to an F.B.I. agent while in custody, even though he had been given the *Miranda* warnings and hand signed a written waiver of counsel, were inadmissible because due to his confinement in the federal institution, Owens had an absolute right to counsel which could not be waived. No authority is cited in support of this contention. We find no limitation upon the validity of an in custody waiver of counsel by an accused if given adequate warnings. Miranda v. Arizona, 384 U.S. 436, 478, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Furthermore, Owens in his statement to the F.B.I. agent denied that he assaulted an officer or participated in the riot in any manner.

In case No. 155–69, United States v. Owens, the judgment on count 1 is reversed, and affirmed on count 2. The various judgments and sentences as to the remaining appellants are reversed.