**Raymond Lee PAYTON, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 341–70.

United States Court of Appeals, Tenth Circuit.

Dec. 22, 1970.

Gerald E. Wells, Wichita, Kan., for petitioner-appellant.

John E. Green, Asst. U. S. Atty. (William R. Burkett, U. S. Atty., on the brief), for respondent-appellee.

Before BREITENSTEIN, Senior Circuit Judge, HILL, Circuit Judge, and THEIS, District Judge.

THEIS, District Judge.

Appellant Payton appeals from the District Court's order denying his motion to vacate brought pursuant to 28 U.S.C.A. § 2255. The District Court denied the motion without an evidentiary hearing, and we affirm for the reasons stated below.

In 1967 the United States District Court for the Western District of Missouri imposed a ten-year sentence upon appellant for violation of 18 U.S.C.A. § 2113. He does not attack the validity of this sentence in the present action. On April 27, 1968, while serving this sentence in the United States Reformatory, El Reno, Oklahoma, Payton and a large number of the inmates at that institution participated in a riot. A fifteen-count indictment was subsequently returned which charged, in the first count, that appellant and six others "did aid and abet each other to instigate, connive, and wilfully attempt to cause a mutiny and riot at said penal and correctional institution," all in violation of 18 U.S.C.A. §§ 2 and 1792.

On November 4, 1968, appellant entered a plea of guilty to the aiding and abetting count and also pled guilty to four other counts charging him with assault upon Federal Correctional Officers, in violation of 18 U.S.C.A. §§ 111 and 1114. He received a ten-year sentence on the aiding and abetting count. This is the only sentence presently challenged and it was to run consecutive to the sentence he was serving at the time the riot occurred.

■■ It is the appellant's position, as we understand it, that the sentencing court was without jurisdiction to impose the sentence in question even though a guilty plea was entered. Appellant premises this argument on a recent decision by this Court wherein we reversed the conviction to a codefendant on the aiding and abetting count. See United States v. Rodgers, 419 F.2d 1315 (10th Cir. 1969). The basis of the reversal in the *Rodgers* case, which was a direct appeal, was that the government had failed to establish by its evidence that someone had committed the crime proscribed by 18 U.S.C.A. § 1792, i. e., instigation of or connivance to cause a riot, and therefore Ester and the other appellants in the *Rodgers* case could not be convicted of being aiders and abettors until it had been established that someone had committed the crime. In the *Rodgers* case we held that proof of participation in the riot did not, ipso facto, rise to proof that the appellants aided and abetted each other in instigating or conniving to cause a riot.

The important distinction between *Rodgers* and this appeal is that the former was a direct appeal wherein we found an insufficient amount of evidence to sustain a conviction on the aiding and abetting count and the present appeal is from a collateral attack upon a sentence under 28 U.S.C.A. § 2255. Appellant mistakenly interprets *Rodgers* to hold that no crime was charged under the aiding and abetting count of the indictment and urges that under this authority the sentencing court was without jurisdiction to impose the sentence herein challenged.

Appellant's voluntary plea of guilty was an admission of guilt and his sentence is not subject to collateral attack on the ground that, as a factual

matter, he was not guilty of the offense charged. Crow v. United States, 397 F.2d 284 (10th Cir. 1968); Davis v. United States, 392 F.2d 291 (10th Cir. 1968), cert. denied, 393 U.S. 986, 89 S.Ct. 461, 21 L.Ed.2d 447 (1968). A motion pursuant to 28 U.S.C.A. § 2255 is not a substitute for direct appeal and will not normally lie to test the sufficiency of an indictment if the indictment is sufficient to meet certain constitutional standards going primarily to jurisdiction. Chavez v. Baker, 399 F.2d 943 (10th Cir. 1968), cert. denied, 394 U.S. 950, 89 S.Ct. 1289, 22 L.Ed.2d 485 (1968); Flores v. United States, 338 F.2d 966 (10th Cir. 1964).

As succinctly stated by Judge Phillips of this Circuit, sitting by designation with the Fifth Circuit in the case of Rosecrans v. United States, 378 F.2d 561, 566 (1967):

> "While a form of attack on a sentence under § 2255, supra, is direct, the grounds therefor are limited to matters that may be raised on collateral attack.

> "Where there is an offense defined by a federal statute of which the court has jurisdiction and there is an endeavor to charge such offense by the indictment or information and the court acquires jurisdiction over the person of the defendant, the sufficiency of the indictment or information is not subject to collateral attack by habeas corpus or motion under § 2255, supra."

Under this test it clearly appears, as was found by the sentencing court, that the count challenged by appellant is not vulnerable to collateral attack under 28 U.S.C.A. § 2255. Neither, under a § 2255 petition, may the sufficiency of the evidence be tested, since it is by definition a collateral proceeding. When appellant entered his plea of guilty he admitted that he aided and abetted the others charged in the indictment to instigate, connive and wilfully attempt to cause the riot. The mere fact that the prosecution's evidence on this count

failed in the *Rodgers* case does not entitle appellant, equipped with a more acute perception of what the government's evidence against him might be, to collaterally attack his sentence after his plea of guilty.

Finally, appellant complains of the ineffectiveness of appointed counsel in the court below. This question was not presented to the sentencing court in appellant's motion to vacate and we will not now consider it.

Affirmed.