UNITED STATES of America,
Plaintiff-Appellee,

v.

David Ray BRYANT, Michael Dennis Riker, Edward Stillman, Waylon Dwight Perry, Irvin Campbell, Leslie Ledon Smith, Defendants-Appellants.

No. 76–4089.

United States Court of Appeals,
Fifth Circuit.

Dec. 1, 1977.

Rehearing and Rehearing En Banc
Denied Jan. 3, 1978.

Stephen Lindsey Gorman, Tallahassee, Fla. (Court-appointed), for Bryant.

Michael W. Dugger, Tallahassee, Fla. (Court-appointed), for Riker.

D. Stephen Kahn, Tallahassee, Fla. (Court-appointed), for Stillman.

C. Gary Williams, Tallahassee, Fla. (Court-appointed), for Perry.

L. Lee Williams, Jr., Tallahassee, Fla. (Court-appointed), for Campbell.

Edwin Ames Green, II, Tallahassee, Fla. (Court-appointed), for Smith.

Nickolas P. Geeker, U. S. Atty., Pensacola, Fla., Donald S. Modesitt, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

Before THORNBERRY, Circuit Judge, SKELTON, Senior Judge *, and MORGAN, Circuit Judge.

SKELTON, Senior Judge:

On June 9, 1976, a riot or mutiny occurred at the Federal Correctional Institution at Tallahassee, Florida. Some fifty to seventy-five inmates of the institution were involved. The riot lasted approximately one hour during which time those participating in the disturbance broke chairs, windows, plumbing fixtures, and damaged office equipment and other prison property. The riot was quelled only after tear gas was used by prison officials against the participating inmates.

David Ray Bryant and ten other inmates were indicted in connection with the riot. The indictment charged that they did instigate, connive, wilfully attempt to cause, assist, or conspire to cause, a mutiny or riot at the Federal Correctional Institution, Tallahassee, Florida, contrary to Title 18 U.S.C. § 1792.[1]

At the close of the evidence the court ruled that as a matter of law the evidence was insufficient to support a charge of connivance or of conspiracy to cause a riot or mutiny. However, the judge did charge the jury that a defendant could be convicted for instigating, wilfully attempting to cause or assisting a mutiny or riot. The court explained the term "to assist a mutiny or riot" in his charge to the jury as follows:

"To assist a mutiny or riot means to become a wilful participant in such a mutiny or riot. Therefore, if the evidence in the case convinces you beyond a reasonable doubt that one or more of these defendants became a wilful participant in the mutiny or riot as alleged, you must find that defendant or those defendants guilty as charged of assisting a riot _ _ _."

The defendants objected to the charge of the court and requested the court to instruct the jury that to find a defendant guilty under 18 U.S.C. § 1792 it must be shown that a defendant took some action towards causing the riot or mutiny or instigating the riot or mutiny, and that mere participation by a defendant in the riot or mutiny is not sufficient for a conviction. The court refused to so instruct the jury.

The court provided the jury with three separate verdict forms for each defendant which would indicate, in case of a guilty verdict, whether the verdict was based on a finding that the defendant in question had (1) instigated the riot, or (2) wilfully attempted to cause the riot, or (3) assisted the riot. The jury acquitted five of the defendants, but returned verdicts of guilty as to the six defendants involved in this appeal.[2] The jury indicated that they found each of the six defendants (appellants) guilty of (3) "assisting a riot." The defendants were each sentenced to serve ten years in the penitentiary.

The defendants urge here, as they did in the trial court, that mere participation in a riot will not sustain a conviction under 18 U.S.C. § 1792. They urge that the word "assists" as used in the statute does not include participation, but limits the offence to the instigation of or connivance to cause a riot or mutiny. This issue is one of

---

* Senior Judge of the United States Court of Claims, sitting by designation.

1. Title 18 U.S.C. § 1792 provides in pertinent part, as follows:

"Whoever instigates, connives, wilfully attempts to cause, assists, or conspires to cause any mutiny or riot, at any Federal penal or correctional institution, . . . shall be imprisoned for not more than ten years."

2. David Ray Bryant, Michael Dennis Riker, Edward Stillman, Waylon Dwight Perry, Irvin Campbell and Leslie Ledon Smith.

first impression in this court, although both the Third and Tenth Circuits have spoken to the question.

The defendants rely heavily on *United States v. Rodgers,* 419 F.2d 1315 (10 Cir. 1969), in which the court stated in dictum that:

"The plain words of 18 U.S.C. § 1792 limit the offense to the instigation of or connivance to cause a riot or mutiny and does not include participation therein."

This interpretation was reaffirmed in subsequent cases, although those statements also were dicta. *United States v. Bedwell,* 456 F.2d 448 (10 Cir. 1972); *United States v. Evans,* 542 F.2d 805 (10 Cir. 1976). Thus it seems clear that *Rodgers* represents the law in the 10th Circuit.

The Third Circuit has rejected *Rodgers* in *United States v. Farries,* 459 F.2d 1057 (3 Cir. 1972) which is a case similar to the one at bar. There the defendant was convicted under an indictment that charged that he and others "did instigate, connive, wilfully attempt to cause, and assist a mutiny and riot" in violation of § 1792. The case went to the jury under the court's instruction that a finding of wilful participation would justify a guilty verdict. The defendant was found guilty of wilfully attempting to cause and assist a riot and, on appeal, contended that the evidence showed him to be a mere participant in the riot. The Third Circuit noted that there was sufficient evidence to support the guilty verdict on the instigation element of the indictment, but found it necessary to reach the "assist" question because the defendant had objected to the trial court's charge. Rejecting *Rodgers,* the court said:

"Thus we must consider whether under 18 U.S.C. § 1792 a mere participant in a prison riot may be convicted. [The defendant] relies upon a *dictum* in *United States v. Rodgers,* 419 F.2d 1315, 1317 (10 Cir.), which says:

'The plain words of 18 U.S.C. § 1792 limit the offense to the instigation of or connivance to cause a riot or mutiny and does not include participation therein.'

With deference to the Tenth Circuit, the plain words of the statute do no such thing. Section 1792 reads:

'Whoever instigates, connives, willfully attempts to cause, *assists,* or conspires to cause any mutiny or riot . . .' [emphasis supplied.]

The word 'assists' must be given its plain meaning. One who willfully participates in a mutiny or riot plainly 'assists . . . any mutiny or riot' and thereby violates the statute. Moreover, Count 2 also charged a violation of 18 U.S.C. § 2(a):

'Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.'

Certainly, a willful participant in a mutiny or riot is an aider and abetter or one who causes a riot." [*United States v. Farries,* 459 F.2d 1057 at 1063–64].

We agree with this reasoning and hold that "assists" as used in § 1792 means "wilful participation."[3]

The defendants argue that the word "assists" in the statute must be construed in context with the surrounding words in the statute, and when this is done it is clear that it means "to instigate, cause or conspire to cause" a prison riot or mutiny, and does not prohibit mere participation therein. We do not agree. The court was correct in its decision in *Farries, supra,* when it said:

"The word 'assists' must be given its plain meaning. One who wilfully participates in a mutiny or riot plainly 'assists . . . any mutiny or riot' and thereby violates the statute." (at page 1064)

Furthermore, *Blacks Law Dictionary,* Revised Fourth Edition, 1968, defines "assist" as follows:

**3.** The Third Circuit's subsequent decision in *United States v. Bryan,* 483 F.2d 88 (3d Cir. 1973) does not alter *Farries.* Language in that opinion to the effect that § 1792 does not prohibit mere participation in a riot (483 F.2d at 93) does not represent an attempt to overrule *Farries* sub silentio but is merely an explanation of the *Rodgers* case. We conclude that *Farries* remains "good law" in the Third Circuit, and we follow it here.

"To *help, aid,* succor, lend countenance or encouragement to; *participate* in as an auxiliary _ _ _ *To contribute effort _ _ _.*" (p. 155, emphasis supplied).

The defendants point to 18 U.S.C. § 2101 relating to riots that are connected with interstate or foreign commerce and which prohibits "participating" in such riots and related crimes, and argue that if Congress intended to prohibit participation in prison riots in 18 U.S.C. § 1792, it would have included the words "participating in" such riots in § 1792 as it did in § 2101. This argument is unpersuasive. The two statutes are not in *pari materia,* as § 1792 was enacted in 1948 and deals with prison riots, whereas § 2101 was enacted 20 years later in 1968 and described entirely different crimes, namely, a prohibition against persons traveling in foreign or interstate commerce or using facilities of foreign or interstate commerce with intent to cause or participate in a riot. The statutes are not identical, each contains elements not contained in the other, and each defines a different crime. The language in one does not show the intent of Congress in enacting the other. See *Capone v. United States,* 51 F.2d 609, 615 (7 Cir., 1931), cert. den., 284 U.S. 669, 52 S.Ct. 44, 76 L.Ed. 566, where the court said:

"Identity, not similarity, must be the test in determining whether statutes defining crimes are in *pari materia.* If one statute which defines a crime requires an element not present in another criminal statute, separate crimes are defined."

■ Furthermore, in construing criminal statutes words must be given their fair and ordinary meaning, in accord with the intent of Congress. *State of Colorado v. United States,* 219 F.2d 474 (10 Cir., 1954); *United States v. Mississippi Valley Company,* 364 U.S. 520, 550, 81 S.Ct. 294, 5 L.Ed.2d 268 (1961); *Roschen v. Ward,* 279 U.S. 337, 339, 49 S.Ct. 336, 73 L.Ed. 722 (1929), and *United States v. Cook,* 384 U.S. 257, 86 S.Ct. 1412, 16 L.Ed.2d 516 (1966).

The Government says that if the argument of the defendants is accepted, the words "assist any riot" would be eliminated from the statute and as a consequence participation in a prison riot would not even be a crime. We cannot believe that Congress intended any such result.

We conclude that the fair and ordinary meaning of the words "assist any riot" which are in the statute, in accord with the intent of Congress, is that participation in a prison riot is prohibited and punishable as a crime. We need look no further in interpreting the statute or in construing the meaning of these words.

■ The defendants complain of the failure of the trial court to grant a bill of particulars and pre-trial discovery and also of the denial of their motion for a jury view of the prison. We find no error in these actions by the trial judge, as such matters are within the sound discretion of the judge who tried the case, and we do not find that he abused his discretion.

■ The good time the defendants had earned in prison was revoked administratively after their participation in the riot. They now contend that their prosecution in this case for the same acts constitutes double jeopardy. We do not agree. The revocation of good time in an administrative proceeding by prison officials does not preclude prosecution for a substantive offense on the same acts. *United States v. Lepiscopo,* 429 F.2d 258, 261 (5 Cir., 1970, cert. den., 400 U.S. 948, 91 S.Ct. 255, 27 L.Ed.2d 254, 1970); *United States v. Herrera,* 504 F.2d 859, 860 (5 Cir., 1974).

■ Defendant Edward Stillman has filed a supplemental brief pro se, even though he has an attorney, in which he says that he has obtained letters and documents from his prison file that show that he had not been turned down on his request for a transfer from the prison at Tallahassee, Florida, to another institution on the day of the riot and that this contradicted the testimony of Government witness Sprink to the effect that such request had been rejected on that date. Stillman argues that Sprink's testimony destroyed Stillman's credibility and his argument at the trial that he did

not participate in the riot because he had been approved to go to a half-way house in Arizona. Stillman contends that this is newly discovered evidence that entitles him to a new trial. The standards of this court to be met for a new trial on the grounds of newly discovered evidence are: The evidence must be discovered following trial; there must have been diligence on the part of the movant to discover the new evidence; the evidence is not merely cumulative or impeaching; the evidence is material; and a new trial would probably produce a different result. *Nagell v. United States,* 354 F.2d 441, 448 (5 Cir., 1966); *Hudson v. United States,* 387 F.2d 331, 333 (5 Cir., 1967), and *United States v. Rachal,* 473 F.2d 1338, 1343 (5 Cir., 1973). We conclude that defendant Stillman has not met these requirements. He has not shown diligence in discovering these documents, as they were in his prison file before and during his trial and could have been obtained by him, and he makes no showing otherwise. Also, the letters would only have impeached Sprink's testimony and would not have proved that Stillman did not participate in the riot. We conclude that a new trial would not produce a different result. Accordingly, we reject his argument and deny the motion for a new trial contained in his pro se supplemental brief.

Finally, defendants Riker, Stillman, and Smith say that the evidence was insufficient to sustain their conviction. We do not agree. All of the defendants were identified as participants in the riot which caused $30,000. in damages. Consequently, we reject this argument.

Accordingly, the judgment of conviction of all of the defendants is affirmed.

AFFIRMED.