**Brian Scott MUNGER, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

No. 92–CV–553.

United States District Court,
N.D. New York.

Nov. 27, 1992.

Brian Scott Munger, pro se.

Gary L. Sharpe, U.S. Atty., N.D.N.Y., Albany, for respondent; George A. Yanthis, Henry M. Greenberg, Asst. U.S. Attys., of counsel.

## MEMORANDUM DECISION AND ORDER

McAVOY, Chief Judge.

### I. INTRODUCTION

Brian Scott Munger petitions this court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth in this Memorandum Decision and Order, the petitioner's motion is denied.

### II. BACKGROUND

In response to the Grand Jury's eight (8) count Indictment (90–CR–294) charging petitioner with violations of 18 U.S.C. § 241 (conspiracy against civil rights); 42 U.S.C. § 3631(b)(1) (interference with housing rights by means of force or threat of force resulting in bodily injury); and 18 U.S.C. § 844(h)(1) (use of fire in the commission of a felony), petitioner pleaded guilty to Count III of the Indictment on January 14, 1991. Count III charged that petitioner Munger:

> [B]y force and threat of force, that is by placing a cross in front of the residence of [the victim][1] and setting fire to the cross, and by physically assaulting [the victim], did willfully injure, intimidate and interfere with [the victim] and attempt to injure, intimidate, and interfere with [the victim], a black male, because of his race and color and in order to intimidate [the victim] from occupying the [victim's] dwelling ..., with his white wife, without discrimination on account of race, resulting in bodily injury to [the victim] in violation of Title 42 USC, Section 3631(b)(1).

90–CR–294 at p. 4.

The uncontroverted presentence report prepared in connection with petitioner's sentencing contains a recitation of facts in con-

---

1. Due to the very nature of this action and the possibility of further retaliatory action by others, the court has elected to redact reference to the victim. He is referred to throughout by the pronouns "the victim" or "the husband."

nection with the incident underlying the petitioner's indictment. These facts are completely consistent with the allegations contained in Count III of the Indictment.

In summary, the recitation indicates that on August 26, 1990, Mr. Munger, along with certain co-defendants, stood outside the residence of an interracial couple in Gansevoort, New York, and shouted racial slurs, curses, and threats. In addition, the group brandished a noose. After witnessing these events, the occupants notified the Saratoga County Sheriff's office which responded, spoke briefly with the petitioner and the occupants, and then departed.

Thereafter, the petitioner erected and set afire a cross directly across the street from the interracial couple's dwelling. The husband then approached the burning cross with an axe purportedly to demolish it before his young daughter saw it. At this point an altercation ensued between the petitioner, his codefendants, the husband, and various bystanders. The altercation ended with the couple fleeing into their home pursued by the petitioner who screamed death threats and obscenities. At some point the petitioner punched his arm through a glass window in his attempts to reach the couple.

Sheriff's deputies returned to the scene and order was eventually restored. The husband sought treatment at Saratoga Hospital the next day for injuries received during this incident. The petitioner was then arrested by the Saratoga County Sheriff's Office and charged under state law with assaulting the husband. The state charges were dropped in light of the aforementioned federal indictment of petitioner Munger.

The petitioner entered the above described plea of guilty on April 12, 1991. At this time the Court sentenced the petitioner to term of imprisonment of 46 months calculated pursuant to the provisions of the United States Sentencing Guidelines. At sentencing, the petitioner raised no objection to either the calculation of his Adjusted Offense level or the presentence report upon which, at least in part, the petitioner's sentence was calculated.

## III. DISCUSSION

In support of the instant motion under 28 U.S.C. § 2255, petitioner has filed a Memorandum of Law, a Reply to the government's Memorandum of Law, and a Response to the government's Reply. Careful consideration of petitioner's filings reveals the following colorable arguments in support of his motion.[2]

### (1). CALCULATION OF PETITIONER'S BASE OFFENSE LEVEL.

Petitioner first contends that U.S.S.G. § 2H1.3 [3] was improperly applied in calculating his base offense level because his particular conduct did not constitute an "egregious" offense involving use of force or the threat of force.

The government responds that the petitioner's claims must be deemed waived as not raised at sentencing or on direct appeal from conviction and because petitioner has made no showing of cause for his failure to do so. The government further asserts that if reached, Munger's present claim that he did not threaten or use force against his victim is unfounded and belied by his admission of guilt to Count III in open court and under oath.

The government finally asserts that petitioner's claim of lack of force is inconsistent with the facts contained in uncontroverted presentence report.

 This Court finds that U.S.S.G. § 2H1.3 was an appropriate basis for calculating defendant's base offense level and any

---

**2.** Petitioner has drafted his petition *pro se* and in doing so has not clearly delineated his arguments. However, in an attempt to afford the *pro se* every benefit, this court has extracted the arguments which follow. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

**3.** U.S.S.G. § 2H1.3 provides in pertinent part:

*Use of Force or Threat of Force to deny Benefits or Rights in Furtherance of Discrimination;*
(a) Base Offense Level (Apply the greatest)
 (1) 10, if no injury occurred; or
 (2) 15, if injury occurred; or
 (3) 2 plus the offense level applicable to any underlying offense.

objections to the factual basis for this sentencing decision must be deemed waived. *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982) ("Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume that he stands fairly and finally convicted."); *see Lucas v. United States,* 963 F.2d 8, 14 (2d Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 270, 121 L.Ed.2d 199 (1992); *Brennan v. United States,* 867 F.2d 111 (2d Cir.1989), *cert. denied,* 490 U.S. 1022, 109 S.Ct. 1750, 104 L.Ed.2d 187 (1989). Munger's plea to Count III of the Indictment stands as an admission to the use of force during the commission of his offense. *Payton v. U.S.,* 436 F.2d 575, 576–77 (10th Cir.1970) ("Appellant's voluntary plea of guilty was an admission of guilt and his sentence was not subject to collateral attack on the ground that, as a factual matter, he was not guilty of the offense charged."); *Russell v. U.S.,* 212 F.2d 87 (4th Cir.1954), *cert. denied,* 347 U.S. 1020, 74 S.Ct. 877, 98 L.Ed. 1141 (1954); *see also Tate v. Wood,* 963 F.2d 20 (2nd Cir.1992).

■ Further, by accepting without objection the presentence report which this court relied on in passing sentence, petitioner has waived any claims as to the sufficiency of the evidence upon which sentence was passed. *See United States v. Caba,* 955 F.2d 182, 187 (2d Cir.1992), *cert. denied sub nom, Valdez v. United States,* — U.S. —, 113 S.Ct. 130, 121 L.Ed.2d 84 (1992); *United States v. Pitre,* 960 F.2d 1112, 1127 (2d Cir.1992).

■ Finally, petitioner states rather categorically that his attorney's failure to object to the presentence report amounts to a showing of ineffective assistance of counsel. However, failure of defense counsel to object to a presentence report has been rejected as grounds for a claim of ineffective assistance of counsel. *United States v. Livingston,* 936 F.2d 333 (7th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 884, 116 L.Ed.2d 787 (1992). Indeed, petitioner makes no showing that his representation was so inadequate as to indicate that "counsel's deficiencies ... [were] so grave that defendant did not have effective assistance of counsel in the constitutional sense." *Cooper v. Fitzharris,* 586 F.2d 1325 (9th Cir.1978), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979). Without such a showing, this claim presents no legal basis upon which petitioner's sentence may be vacated.

## (2). APPLICATION OF U.S.S.G. § 2A2.2(a) AS AN UNDERLYING OFFENSE

Petitioner next argues that his sentence was improperly enhanced by application of U.S.S.G. § 2A2.2(a),[4] Aggravated Assault, as an underlying offense. He claims § 2A2.2 was improperly used to calculate his sentence because sub-part (c) of application note 1 was applied. Application note 1, sub-part (c) defines Aggravated Assault as "a felonious assault that involved ... an intent to commit another felony." The petitioner claims that the only possible felony his assault involved was "cross-burning," which the petitioner claims is not a criminal act.

Again, the government responds that any claim as to the underlying offense upon which the petitioner's sentence was calculated must be deemed waived as not raised at sentencing or on direct appeal. The government further argues that, if reached, the enhancement of petitioner's sentence by the application of U.S.S.G. § 2A2.2(a) was proper because petitioner's plea of guilty and the uncontroverted presentence report establish that the petitioner was guilty of assault and that said assault was committed in furtherance of at least four felonies: petitioner's interference with his victim's housing rights by force or threat of force resulting in bodily injury in violation of 42 U.S.C. § 3631(b)(1), (the crime petitioner pleaded guilty to); conspiracy against civil rights in violation of 18 U.S.C. § 241; interfering with the residence's other occupant's, (i.e., the victim's family) housing rights by force or threat of force in violation of 42 U.S.C. § 3631(b)(1);

---

4. U.S.S.G. 2A2.2 provides in pertinent part:
 § 2A2.2 *Aggravated Assault*
 (a) Base Offense Level: 15
 *Application Notes;*

1. "Aggravated assault" means a felonious assault that involved ... (c) an intent to commit another felony.

and the use of fire in commission of a felony in violation of 18 U.S.C. § 844(h)(1).

This Court first finds that petitioner's failure to raise factual issues at sentencing or on appeal precludes him from making such arguments here on a motion under § 2255. *United States ex rel. Sniffen v. Follette,* 439 F.2d 1082 (2d Cir.1971); *Simmons v. United States,* 354 F.Supp. 1383 (N.D.N.Y. 1973), *aff'd, Dalli v. United States,* 491 F.2d 758 (2d Cir.1974). However, even assuming *arguendo* that the petitioner's contentions are not deemed waived, this court finds that the calculation of petitioner's base level offense as § 2A2.2(a) with aggravated assault as an underlying felony was proper. Petitioner's plea of guilty to Count III included the admission that he:

> "by physically assaulting [his victim], did willfully injure, intimidate and interfere ... with [his victim] ... because of his race and color and in order to intimidate [him] from occupying [a] dwelling ... without discrimination, ... resulting in bodily injury to [his victim]."

90–CR–294 at p. 4.

This makes clear that the offense Munger pleaded guilty to, interference with housing rights by means of force or threat of force resulting in bodily injury in violation of 42 U.S.C. § 3631(b)(1), clearly encompassed aggravating assault as an underlying offense under U.S.S.G. § 2A2.2(a), sub-part (c) of application note 1 which defines Aggravated Assault as "a felonious assault that involved ... an intent to commit another felony." The uncontroverted factual scenario of this incident supports a possible finding that the petitioner intended to commit at least three other felonies: Conspiracy against civil rights in violation of 18 U.S.C. § 241; interference with his victim's family's housing rights by force or threat of force in violation of 42 U.S.C. § 3631(b)(1), or the use of fire in commission of a felony in violation of 18 U.S.C. 844(h)(1)). Therefore, this court finds that U.S.S.G. § 2A2.2(a) was properly applied in the instant case.

**(3). APPLICATION OF U.S.S.G. § 3A1.1**

Petitioner next argues that his sentence was improperly increased two offense levels by application of U.S.S.G. 3A1.1,[5] the Vulnerable Victim enhancement. In this manner petitioner argues that 3A1.1 should not have been applied because his Base Offense level § 2H1.3 specifically incorporated race by virtue of the word "discrimination" contained therein. Therefore, he argues, his base offense level subsumes the basis of the vulnerable victim enhancement, here the race of his victim, and that by applying it the court contravenes the purpose of the enhancement. *See* § 3A1.1, Application Note (2); *see also* § 3A1.1, comment. (n. 1). Hence, petitioner claims that in his case his victim's race was a necessary prerequisite to the commission of his offense, therefore precluding application of § 3A1.1. The petitioner cites to *United States v. Moree,* 897 F.2d 1329 (5th Cir.1990) in support of the proposition that a condition that occurs as a necessary prerequisite to the commission of a crime cannot constitute an enhancing factor under § 3A1.1.

The government argues that the petitioner's sentence was properly enhanced by application of U.S.S.G. § 3A1.1 because, as a threshold matter, U.S.S.G. 2H1.3 does not incorporate race as an offense characteristic. The government also urges that because black Americans are particularly susceptible to criminal conduct involving cross-burning, the petitioner's employment of cross-burning against black Americans in order to effectuate violation of federal civil rights statutes should result in a finding of *per se* victim vulnerability in this context.

The government further argues that this victim was particularly vulnerable because the assault took place at night and involved the burning of a cross as an act of intimi-

---

**5.** U.S.S.G. 3A1.1. provides in pertinent part:
 § 3A1.1 *Vulnerable Victim*
 If the defendant knew or should have known that the victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particu-larly susceptible to the criminal conduct, increase by 2 levels.
 *Application Notes:*
 2. Do not apply this adjustment if the offense guideline specifically incorporates this factor.

dation directed at one of the few blacks living in relative racial isolation in a rural area.

This Court finds that application of the U.S.S.G. 3A1.1 vulnerable victim enhancement was properly applied to the petitioner's particular offense. As a threshold matter this court agrees with the reasoning of *United States v. Long*, 935 F.2d 1207, 1211–12 (11th Cir.1991), *United States v. Skillman*, 922 F.2d 1370, 1377 (9th Cir.1990), and *United States v. Salyer*, 893 F.2d 113, 115–116 (6th Cir.1989), all of which hold that nothing in guideline 2H1.3, (or the analogous 2H1.2), incorporates a victim's status as a member of a racial minority into the offense guideline.

Likewise, minority status is not a prerequisite to victimization by the petitioner's offense. *Skillman* and *Salyer* both accept the proposition that the respective defendant's "knew, or should have known that [the victims] were unusually vulnerable to the threat of cross-burning because they are black," *Salyer* at 115, and that "the district court's determination that cross-burning is a particularly invidious act when directed against a black American, making him particularly susceptible to the commission of the offense, is not clearly erroneous." *Salyer* at 116.

This Court need not endorse the proposition that black Americans are per se vulnerable victims to criminal conduct which employs cross-burning to find that in the petitioner's case he knew or should have known that his victim was particularly vulnerable to his terroristic behavior. Taking into account the race of the victim, his status as one of few members of a racial minority in this rural area, the presence in the home of the victim's young daughter, the fact that the petitioner chose to act at night, and the victim's status as part of an interracial marriage, marriages long seen as provocative acts worthy of terrorism and retribution by racists, this Court finds that the victim was an individual particularly vulnerable to the petitioner's offense. The "lightning rod" effect of interracial marriage alone could arguably give rise to "vulnerable victim" status whether the actual assault victim were white

or black. Therefore, under the totality of the circumstances the enhancement was properly applied; Munger knew, or should have known that his victim was particularly vulnerable to his illegal conduct. *U.S. v. Long* 935 F.2d 1207, 1211.

(4). CROSS–BURNING AS CONSTITUTIONALLY PROTECTED BEHAVIOR.

Petitioner argues that the decision in *R.A.V. v. St. Paul*, —— U.S. ——, 112 S.Ct. 2538, 120 L.Ed.2d 305 (1992) has rendered his conviction unlawful because his is a " 'cross-burning' case, an act which is squarely within the protection afforded by the First Amendment." Petitioner's Reply to Government's Memorandum in Opposition, at 2.

The petitioner's case is not a "cross-burning case." As fixed by the petitioner's plea to Count III of the Indictment, the petitioner stands sentenced for interference with housing rights by means of force or threat of force resulting in bodily injury, in violation of 42 U.S.C. § 3631(b)(1). That petitioner chose to burn a cross during his terroristic and racially motivated assault on the victim offers him no protection from the force of the statute. As held by Justice Scalia, "where the Government does not target conduct on the basis of its expressive content, ideas are not shielded from regulation merely because they express a discriminatory idea or philosophy." *Id.*, —— U.S. at ——, 112 S.Ct. at 2547.

Further, section 3631(b)(1) of Tile 42 of the United States Code is a content-neutral, narrowly tailored prohibition against the exact evil it seeks to prevent—namely, the willful and violent interference with housing on a discriminatory basis. The requirement of intent serves to insulate the statute from unconstitutional application to protected speech. *United States v. Wood*, 780 F.2d 955, 961 (11th Cir.1986), *cert. denied* 476 U.S. 1184, 106 S.Ct. 2920, 91 L.Ed.2d 549 (1986). Consequently, *R.A.V.* offers the petitioner no relief from his sentence. The petitioner's sentence was properly calculated based on his admitted criminal conduct, conduct the

nature of which is not addressed in the *R.A.V. v. St. Paul.*

## IV. CONCLUSION

The Court, having considered the submissions of the parties, finds that there is no basis in law to grant the relief requested in the petition of Brian Scott Munger. Therefore, it is hereby

ORDERED that the petition of Brian Scott Munger is denied and dismissed.

IT IS SO ORDERED.