**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**JUN 23 1998**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JAMES GUY ARNOLD,

      Defendant-Appellant.

No. 97-4199
(D.C. No. 95-CR-42 G)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

Defendant-Appellant James Guy Arnold ("Arnold") pled guilty to one count of fraudulent use of an access device, in violation of 18 U.S.C. § 1029(A)(2). On January 5, 1996, the district court sentenced Arnold to 18 months' incarceration, followed by 36 months of supervised release, and ordered him to pay restitution to the victims of his crime totaling $11,376.54. (See Tr.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Rec. Vol. I Doc. 36.)  Judgment was entered on January 11, 1996.  Arnold did not appeal his conviction or sentence.

Subsequently, Arnold's case took some unusual procedural turns.[1]  On August 6, 1997, Arnold filed a motion Nunc Pro Tunc to vacate the order of restitution under Fed. R. Crim. Pro. 35. (See Tr. Rec. Doc. 40.)  This motion was referred to Magistrate Judge Ronald N. Boyce, who filed a Report and Recommendation on September 3, 1997.  (See id. Doc. 43.)  In that Report and Recommendation, Magistrate Judge Boyce concluded that Arnold's motion was not authorized by Rule 35, for the following reasons: (1) the sentence had not been reviewed by a court of appeals and found improper under 18 U.S.C. § 3742(a); (2) Arnold had not alleged that his sentence should be reduced because of substantial assistance to the government; and (3) the motion did not come within seven days after sentencing nor did it allege that the district court had imposed a sentence that was the result of arithmetical, technical, or clear error. (See id. at 2-3.)

Magistrate Judge Boyce went on to analyze Arnold's motion under 28 U.S.C. § 2255, and concluded that even if the motion were construed to have been brought under that statute, Arnold's claim for relief was precluded both because

---

[1] All of Appellant's filings subsequent to his conviction and sentencing were done pro se.

the motion was untimely under the one-year limitation period provided by § 2255 and because Arnold had failed to appeal his conviction, and had shown no cause or prejudice for his failure to do so. (See id. at 3.)

On September 22, Arnold filed, in a single document, (1) objections to the Magistrate Judge's report and recommendation, (2) renewal of his motion Nunc Pro Tunc to vacate the order of restitution, (3) a petition for Habeas Corpus, (4) a motion for the production of documents, transcripts, and record, and (5) an alternative motion to withdraw his plea under 28 U.S.C. § 2250. (See id. Doc. 44.) Arnold invoked jurisdiction, inter alia, under 28 U.S.C. § 1651 (the "All Writs Act"). (See id. at 1.) After arguing the merits of his claim that the district court wrongfully ordered him to pay restitution, Arnold demanded "that the Order of Restitution be vacated, that a Writ of Habeas Corpus issue to allow Petitioner to be produced before this court to prosecute this claim, that the Writ of Mandate issue, and such further and other relief as Justice provides or in the alternative he be allowed to withdraw his plea." (See id. at 4.)

On the same day, Arnold filed his "Premature Notice of Appeal" to this court.[2] On October 14, Arnold filed a motion with this court to withdraw his appeal on the grounds that it was unwarranted and premature. Arnold requested

---

[2] That appeal was assigned docket number 97-4159.

- 3 -

that this court dismiss the appeal without prejudice. On October 20 this court granted Arnold's motion to dismiss his appeal.

On October 30, the district court issued an order, based upon the magistrate judge's report and recommendation, denying (1) Arnold's motion, and renewed motion, to vacate the restitution order, (2) his petition for Writ of Habeas Corpus, (3) his motion for production of documents and transcripts and records, and (4) his alternative motion to withdraw his plea. (See Tr. Rec. Doc. 52.)

On March 12, 1998, Arnold filed with this court an Application for Certificate of Appealability, which constitutes the basis for the matter before us now. In his application, Arnold states that this appeal is based upon the district court's denial of his motion to vacate its order of restitution. (See Application for COA at 2.) From our reading of this application and the record, we construe this appeal to be a request for a certificate of appealability under § 2255. See 28 U.S.C.A. § 2253(c) (West Supp. 1998).

Under § 2253(c), we examine the appeal of a denial of a § 2255 motion to determine whether the petitioner has made a "substantial showing of the denial of a constitutional right." Id.; see Lennox v. Evans, 87 F.3d 431,433-34 (10th Cir. 1996) (overruled on other grounds by United States v. Kunzman, 125 F.3d 1363, 1364 n.2 (10th Cir. 1997). Moreover, as this court has held, "[a] motion pursuant to 28 U.S.C.A. § 2255 is not a substitute for direct appeal . . . ." Payton v.

United States, 436 F.2d 575, 576 (10th Cir. 1970); see United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) ("Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal.").  For this reason, a petitioner's failure to raise an issue on direct appeal will bar him from raising the issue in a § 2255 motion "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994); see Warner, 23 F.3d at 291; Hines v. United States, 971 F.2d 506, 507 (10th Cir. 1992) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Arnold has not attempted to show cause for his default, or actual prejudice from his failure to raise the issue of restitution on direct appeal.  More importantly, Arnold fails to show that in ordering him to pay restitution to his victims the district court violated his constitutional rights or that this court's refusal to vacate that order would work a fundamental miscarriage of justice.  Thus, Arnold does not allege a sufficient basis upon which this court may issue a certificate of appealability.

For the reasons given above, Arnold's application for a certificate of appealability is DENIED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge